HARRIS, Judge.
Jedadiah Edward McGlocking was eighteen years old when he was sentenced to 124 months imprisonment for armed robbery with a firearm or deadly weapon, an additional two years imprisonment for escape, and thirty years on probation for kidnapping. The court orally announced that he would “recommend that as to both of these sentences you be treated as a youthful offender.” This recommendation was also included in the written sentence.
McGlocking contends on appeal that the court erred when it “sentenced” him as a youthful offender to a term in excess of that permitted by section 958.04, Florida Statutes. We must decide whether a recommendation to the Department of Corrections that the prisoner be accorded “youthful offender treatment” is the same as being sentenced as a youthful offender. We conclude that it is not and affirm the judge.
It appears to us that the judge was aware of the sentencing limitations contained in section 958.04 and elected, because of the seri *1176 ousness of the charges against the defendant, to sentence him in accordance with the guidelines. Because of the defendant’s youth, however, the court “recommended” that he be given whatever youthful offender treatment might be available and appropriate such as enhanced vocational, educational, counsel, and public service opportunities and separation from older and more experienced criminals. See section 958.021, Florida Statutes.
Since the court has the unquestioned authority to sentence the defendant under the facts of this case as a youthful offender with or without the Department’s approval, it seems odd indeed that if it intended to so sentence McGloeking that it would merely “recommend” such treatment. We believe that there is a difference between sentencing one as a youthful offender on the one hand and, on the other hand, recommending that he receive youthful offender treatment while, as a young man, he is serving his sentence.
AFFIRMED.
DAUKSCH and THOMPSON, JJ., concur.