PADOVANO, Judge.
The defendant, Adrian Alonso Baker, appeals the judgment and sentence entered by the trial court following the revocation of his probation. We affirm. Of the five issues presented for reversal, we find that only one merits discussion.
At issue is the authority of the trial court to modify the incarcerative portion of a sentence imposed on a defendant who has been classified as a youthful offender. On July 12, 1993, the defendant entered a plea of nolo contendere to armed robbery and several other charges then pending in related criminal cases. The trial court accepted the plea and sentenced the defendant as an adult to three years’ incarceration, with a written recommendation that the Department of Corrections place him in the youthful offender program. The defendant was placed in the program, served approximately five months, and was released on December 3, 1993, on a thirty-six month term of probation. At that time, the trial court modified the original sentence, without objection, under the authority of section 958.04(4), Florida Statutes.
Approximately three and a half months later, the probation officer filed an affidavit of violation of probation .against the defendant for possession of a-firearm, resisting arrest, and failing to pay restitution. The defendant admitted the violation and on July 19, 1994, the court reinstated the probationary term. Then on August 12, 1994, a warrant was issued for the defendant’s arrest for first degree murder. He was tried by a jury on that charge and convicted.
The new charge of murder also resulted in a second affidavit for violation of probation and a new term of incarceration. *78 The trial court' adjudicated the defendant guilty of the original charge of robbery and sentenced him on October 1, 1996, to fifteen years in the Department of Corrections. In the present appeal, the defendant contends that his second revocation of probation was invalid, because the trial court lacked authority to impose the underlying sentence of probation.
We conclude that the trial court had jurisdiction to modify the defendant’s sentence even though he had already served approximately five months in the Department’s custody. The sixty-day time limit in rule 3.800(c)[1] does not apply because the modification was based on mandatory provisions of the youthful offender statute and not on the trial court’s discretion. Section 958.04(4)(e), Florida Statutes provides in pertinent part that:
Upon the offender’s completion of the basic training program, the department shall submit a report to the court that describes the offender’s performance. If the offender’s performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. (Emphasis supplied).
This statute gives the Department of Corrections exclusive authority to determine the offender’s successful completion of the program. When that is done, the offender has a right to be placed on probation. The language of subsection 958.04(4)(e) quoted above implies that the court has no authority to deny release on probation to an inmate who has successfully completed the program.
Section 958.06, Florida Statutes, imposes a sixty-day time limit after imposition of the original sentence in 'which the court may suspend the further execution of the sentence and place the defendant on probation in a community control program. However, the time limit in this discrete section of the youthful offender statute applies only to a modification initiated by the court or by the defendant. Continuing jurisdiction is not an issue with regard to a probationary term imposed on the Department’s recommendation following successful completion of the program. At that point the inmate’s release is effected by the terms of section 958.04(4)(e), and not by a discretionary act of the court.
Likewise, we reject the defendant’s argument that the trial court lacked jurisdiction because the sentence was not actually imposed under the youthful offender statute. It is true that the court merely recommended the youthful offender classification and that such a recommendation is not the equivalent of a youthful offender sentence. See McGlocking v. State, 689 So.2d 1175 (Fla. 5th DCA 1997). Nevertheless, the Department has authority under the statute to classify an inmate as a youthful offender. Section 958.08(5), Florida Statutes, defines a “youthful- offender” as “any person who is sentenced as such by the court or is classified as such by the department.” (Emphasis supplied). Because the Department has independent authority to classify a qualified inmate as youthful offender, the defendant’s argument that he was not serving a youthful offender sentence fails.
Finally, we reject the defendant’s argument that the new sentence violates the ban on double jeopardy. We acknowledge that the probationary term of three years on the defendant’s release from custody in 1993 was in excess of the time available for a probationary sentence. Section 958.04(4)(e) implies that a prisoner who completes a boot camp program must be placed on probation for the remainder of the original sentence. Because the defendant had served five months of his original three-year sentence, he should have been placed on probation for thirty-one months, not thirty-six. However, we find that this error is of no consequence here, because the defendant violated his probation in March and August of 1994, less than a year after being placed on probation. Because his violations occurred during the legal portion of his sentence, his probation was properly revoked. See Taylor v. State, 702 So.2d 487 (Fla.1997).
In summary, we find that the defendant was lawfully placed on probation following his release from the incarcerative portion of his youthful offender sentence. Therefore, the trial court had jurisdiction to revoke the *79-81 defendant’s probation and to sentence him to a term of imprisonment for the violation.
Affirmed.
WEBSTER and LAWRENCE, JJ., concur.

. Then rule 3.800(b).