750 So.2d 754 (2000)
Kenneth (Charlie) SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D99-4312.
District Court of Appeal of Florida, First District.
February 4, 2000.
Jeffrey P. Whitton, Panama City, for petitioner.
Robert A. Butterworth, Attorney General, and Edward C. Hill, Jr., Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Kenneth (Charlie) Smith petitions this court for a writ of mandamus or certiorari, contending that the trial court's failure or refusal to grant his motion for modification of sentence was contrary to controlling Florida law. After considering the State's response, we previously granted relief by unpublished order. We now issue this opinion to set forth our reasons for that decision.
In Jackson County case number 97-772-CF, Smith pled nolo contendere to a charge of vehicular homicide. He was sentenced to a term of five years imprisonment as a youthful offender. After remand to the custody of the Florida Department of Corrections, Smith was screened and found suitable for the agency's "basic training program" or "`shock' incarceration" as described in section 958.045, Florida Statutes (1997), also commonly referred to as "boot camp." In accordance with section 958.045(2), Florida Statutes, the sentencing judge gave written approval for Smith to participate in the program. Thereafter Smith successfully completed the program and requested that his sentence be modified to a term of probation as called for by section 958.045(5)(c). The state opposed the request, arguing that no notice had been given to the state attorney and the victim. The trial judge declined to modify the sentence and Smith petitioned this court for relief. The state again argued that placing Smith on probation without notice to the state or the victim was improper, but we found that position wanting after careful review of the applicable statutes.
An individual may attain the status of "youthful offender" in either one of two ways. First, as was done in the instant matter, a defendant may be sentenced as a youthful offender in accordance with section 958.04(1), Florida Statutes (1997). If, however, the defendant is not sentenced as a youthful offender but meets the criteria, he or she may be classified as such by the Department of Corrections pursuant to 958.11(4), Florida Statutes (1997). Section 958.045(2), Florida Statutes, provides:
If an offender meets the specified criteria and space is available, the department shall request, in writing from the sentencing court, approval for the offender to participate in the basic training *755 program. If the person is classified by the department as a youthful offender and the department is requesting approval from the sentencing court for placement in the program, the department shall, at the same time, notify the state attorney that the offender is being considered for placement in the basic training program.
A plain reading of the statute indicates that approval of the trial judge is required in either event, but notice to the state attorney is required only where the individual became eligible as a result of having been classified as a youthful offender by the department. The logic of this is inescapable as the state attorney would have notice of the defendant's status as a youthful offender if it was imposed at sentencing. Further, the state attorney would be placed on constructive notice, at the very least, of the eligibility of an individual sentenced as a youthful offender for boot camp and the possibility that a portion of the sentence would be mandatorily converted to probation in accordance with section 958.048(5)(c) in the event the program was successfully completed. Baker v. State, 705 So.2d 76 (Fla. 1st DCA), review denied, 718 So.2d 166 (Fla.1998). In summary, the state's (and the victim's) notice and opportunity to be heard on this issue came at sentencing. The argument that they were entitled to be heard again prior to modification of sentence to probation is not supported by any provision of the Florida Youthful Offender Act, chapter 958, Florida Statutes.
Upon consideration of the foregoing analysis, the petition for writ of certiorari or mandamus was GRANTED.
MINER, WOLF and KAHN, JJ., concur.