PER CURIAM.
This is an appeal from the denial of appellant’s motion to vacate, set aside, or correct sentence. We adopt the well-reasoned and comprehensive order of Judge Lazzara, which reads, inter alia, as follows:
“On July 27, 1989 the Court sentenced the Defendant to 15 years in the Florida state prison for the offenses of shooting into an occupied vehicle and attempted murder in the first degree, both sentences to run concurrent. The sentences were suspended after seven years with the remainder being served on probation. Additionally, the Court imposed a mandatory minimum term of three calendar years as to attempted murder in the first degree since a firearm was used during the commission of that crime. (See copy of Judgment and Sentences attached as ‘Exhibit A’.) This sentence fell within the permitted range of the sentencing guidelines of 12 to 17 years, the permitted range being 7 to 22 years. (See copy of Sentencing Guideline Scoresheet attached as ‘Exhibit B.’) It should be noted that although the Defendant met the requirements of being treated as a youthful offender in accordance with Florida State 958.04, the Court declined to treat him as such for sentencing purposes. However, the Court did recommend that he be incarcerated at a youthful offender facility. (See ‘Exhibit A’.)
“On September 25, 1989 the Court considered a post sentence motion filed by the Defendant seeking a reduction or modification of his sentence. The Court denied the motion. (See copy of motion attached as ‘Exhibit C’.)
“On November 2, 1989 the Defendant’s attorney received a letter from the Department of Corrections advising that the Department had designated the Defendant as a youthful offender. However, due to the imposition of the three year mandatory minimum sentence the Defendant could not be considered for an early release program. (See copy of letter attached as ‘Exhibit D’.)
“The Defendant now claims by his motion that because of this letter he has been designated a youthful offender by the Department of Corrections and thus falls within the definition of Florida Statute 958.03(5) which provides ‘ “Youthful offender” means any person who is sentenced as such by the court pursuant to s. 958.04 or is classified as such by the department.’ Based on this premise he further argues that the sentences previously imposed by this Court, and more particularly the three year mandatory minimum sentence, cannot stand and the Court, by virtue of the Department’s action of classifying the Defendant as a youthful offender, must resentence him in accordance with the provisions of Florida Statute 958.04 and the case law interpreting the sentencing alternatives of that statute. Salazar v. State, 544 So.2d 313 (2nd DCA Fla.1989) and Dean v. State, 476 So.2d 318 (2nd DCA Fla.1985).
“The Court, based on this record, accepts the fact that the Defendant has been classified as a youthful offender by the Department of Corrections. However, the Court *1324 rejects the Defendant’s argument that because of that fact his previous sentences cannot stand.
“The resolution of this novel issue requires an analysis of legislative intent. Fortunately, the legislature spelled out its intent as to the treatment of youthful offenders in Florida Statute 958.021. Relevant to the issue before the Court is that part of Florida Statute 958.021 which states:
The purpose of this act is to improve the chances of correction and successful return to the community of youthful offenders sentenced to imprisonment by providing them with vocational, educational, counseling, or public service opportunities and by preventing their association with older and more experienced criminals during the terms of their confinement ... [sic] It is the further intent of the Legislature to provide an additional sentencing alternative to be used in the discretion of the court when dealing with offenders who have demonstrated that they can no longer be handled safely as juveniles and it will require more substantial limitations upon their liberty to insure the protection of society.
“To effect that intent the legislature conferred on the judiciary alternative powers of disposition as to youthful offenders. Florida Statute 958.04. However, the legislature also recognized that there were certain youthful individuals who, although not sentenced as youthful offenders by the judiciary, should be given the benefit of youthful offender treatment while incarcerated. To effect that intent the legislature gave the Department of Corrections the authority to administratively classify a person as a youthful offender based on certain statutory criteria. Florida Statute 958.-11(2), (4), (6).
“Accordingly, it is clear to this Court, based on the statutory framework of Chapter 958, that the legislature intended for the judiciary to have a separate sphere of authority with regard to sentencing youthful offenders and for the Department of Corrections to have a separate sphere of authority with regard to classifying and treating individuals as youthful offenders even though not sentenced as such by the judiciary. These separate spheres of authority are not in conflict and work in harmony with each other. That is, in order to effect the overall intent of the legislature as manifested in Florida Statute 958.021, when the judiciary has declined to exercise its discretionary authority to sentence an individual as a youthful offender, the Department of Corrections still has the authority administratively to classify and treat that individual as a youthful offender thus making that person eligible for placement in youthful offender facilities and programs.
“To accept the Defendant’s argument, in this Court’s opinion, would be contrary to the intent of the legislature as explained above. In this Court’s view, had the legislature intended the result which the Defendant urges upon the Court, it would have made its intent clear in that regard.
“Moreover, it is also apparent from an examination of Florida Statute 958.04(4), that the legislature’s intent was that any youthful offender sentenced imposed by the judiciary be given full force and effect and should not be modified without the approval of the judiciary. That statute established the so-called ‘boot camp program.’ In accordance with that statute a youthful offender, whether sentenced as such by the judiciary or classified as such by the Department, is eligible for the program but only after the Department first seeks the approval of the sentencing court. If the court approves and the youthful offender satisfactorily completes the program then the sentencing court ‘shall issue an order modifying the sentence imposed and [place] the offender on probation.’ Florida Statute 958.04(4)(e).
“Based on this statutory provision it is clear that the legislature intended to give recognition to any sentence previously imposed by the judiciary, irrespective of whether the individual was sentenced as a *1325 youthful offender or classified as a youthful offender by the Department, and to give the judiciary a say as to any potential modification of that sentence. To argue in the face of this particular statutory provision that the legislature intended that a court’s initial sentence cannot stand simply because of some administrative action taken by the Department of Corrections is to ignore the true intent of the legislature.”
Affirmed.
SCHOONOVER, C.J., and CAMPBELL and LEHAN, JJ., concur.