807 So.2d 146 (2002)
Mark SADA, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D02-262.
District Court of Appeal of Florida, Third District.
January 31, 2002.
*147 Caroline E. Kravath (Gainesville), for petitioner.
Robert A. Butterworth, Attorney General, and Thomas C. Mielke, Assistant Attorney General, for respondent.
Before FLETCHER and SHEVIN, JJ., and NESBITT, Senior Judge.
FLETCHER, Judge.
Mark Sada seeks the issuance of a writ of mandamus compelling the Honorable Barbara S. Levenson to place him on probation in compliance with section 958.045, Florida Statutes (1997). We find that Sada is entitled to the relief he seeks.
Sada is a Department of Corrections-classified Youthful Offender[1] as contemplated by section 958.045, Florida Statutes (1997). He was selected for placement in a basic training unit[2] by the department, which sought and received the statutorily required [section 958.045(2)] approval from the sentencing court for his placement in the program. Notice was given to the state attorney as required by section 958.045(2). Sada was placed in the program and satisfactorily completed it in March 2001.
Section 958.045(5)(c), Florida Statutes (1997) provides in pertinent part:
"Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation." [e.s.]
It is thus mandatory that the trial court issue its order modifying the sentence and placing the offender on probation. Notwithstanding the statutory mandate and the report of Sada's satisfactory completion of the program, the trial court declined to modify its sentence and place Sada on probation.
The trial court has the clear legal duty to comply with section 958.045(5)(c), Florida Statutes (1997) and Sada has the clear legal right to have his sentence modified and to be placed on probation. The state has filed its response to Sada's petition, properly conceding error and submitting that the writ should issue.
Accordingly, we grant Sada's petition and issue the writ of mandamus. The Honorable Barbara S. Levenson shall immediately comply with section 958.045(5)(c), Florida Statutes (1997) by modifying the sentence imposed on Sada and placing Sada on probation.
This opinion shall take effect immediately notwithstanding any filing of a motion for rehearing.
Writ issued.
NOTES
[1] Sada was sentenced to eight years state imprisonment (importation and trafficking).
[2] The unit's program includes "marching drills, calisthenics, a rigid dress code, manual labor assignments, physical training with obstacle courses, training in decision making and personal development, general education development and adult basic education courses, and drug counseling and other rehabilitation programs." Section 958.045(1)(a), Fla. Stat. (1997).