825 So.2d 1032 (2002)
David J. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0970.
District Court of Appeal of Florida, First District.
September 12, 2002.
*1033 Appellant, pro se.
Robert A. Butterworth, Attorney General, and Janelle C. Gillaspie, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
David J. Thomas challenges the trial court's summary denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant asserts that his sentence of a ten year period of incarceration was illegal because, under section 958.04(2)(b), Florida Statutes (1995), the trial court could impose a maximum period of incarceration of no greater than 364 days upon his violation of probation that followed successful completion of the basic training program of the Department of Corrections. We agree and reverse.
The Department's basic training program, or so-called "boot camp," is a program for youthful offenders that is modeled after the military's basic training regimen. See § 958.045, Fla. Stat. (1995); see also Stephen A. Campbell, Alternatives in the Treatment of Juvenile Offenders: Current Options and Trends, 19 J. Juv. Law 318, 322 (1998). When a defendant who has been sentenced as a youthful offender successfully completes boot camp, the trial court is constrained to reduce the defendant's remaining term of incarceration to a period of probation. See § 958.045(5)(c), Fla. Stat. (1995). If a youthful offender who has successfully completed boot camp subsequently violates the probation that follows, the trial court may impose a period of incarceration not to exceed 364 days. See Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000); see also § 958.04(2)(b), Fla. Stat. (1999).
There are two ways by which a defendant can become entitled to the benefits of the youthful offender statute. Either the trial court can sentence the defendant as a youthful offender, or the Department of Corrections can designate a defendant who was sentenced as an adult to be a youthful offender. See Smith v. State, 750 So.2d 754 (Fla. 1st DCA 2000). Even though appellant was not originally sentenced as a youthful offender, he has been designated as a youthful offender by the Department of Corrections and by the trial court's subsequent reduction of his sentence to probation pursuant to the youthful offender statute.
The trial court's reliance upon Johnson v. State, 586 So.2d 1322 (Fla. 2d DCA 1991), was misplaced. The defendant in Johnson received an adult sanction that included a mandatory minimum. The Department of Corrections later designated him a youthful offender. Because in Johnson the appellant's sentence could not have been imposed under the youthful offender statute, appellant argued that he was entitled to be resentenced without the mandatory minimum. The Second District acknowledged the two procedures by which a defendant can be designated a youthful offender, but held that the Department's classification of the defendant as a youthful offender did not nullify the trial court's inherent power to initially sentence the defendant as an adult. See id. at 1324. Therefore, under Johnson, a trial court's initial imposition of an adult sanction *1034 will not be disturbed merely because the appellant is later designated as a youthful offender by the Department.
Johnson is distinguishable from the instant situation. Here, the appellant does not challenge his original adult sentence. Rather, the appellant challenges his new sentence imposed following successful completion of boot camp. We find Sada v. State, 807 So.2d 146 (Fla. 3d DCA 2002), persuasive. As the appellant, Sada was not initially sentenced under the youthful offender statute. However, he was classified as a youthful offender by the Department of Corrections, received trial court approval to attend boot camp as required by section 958.045(2), Florida Statutes (1997), and subsequently attended boot camp. Thereafter, upon successful completion of boot camp, the trial court refused to reduce his sentence to probation in accordance with section 958.045(5)(c). The Sada court reasoned that the language in the youthful offender statute which requires the reduction of sentence to probation following boot camp is mandatory, not discretionary, and that Sada was therefore entitled to have his sentence modified to probation. Sada, 807 So.2d at 147. Thus, although the designation by the DOC of an inmate as a youthful offender has no effect on an original adult sentence, once the trial court approves placement in a boot camp and the offender successfully completes that program, the offender will be treated as a youthful offender for the purpose of future sentencing.
The present appellant is simply one step further down the road than the appellant in Sada. Despite the original adult sanction, the appellant has been designated a youthful offender for purposes of sentencing, has received court approval to attend boot camp, has successfully completed boot camp, and has been resentenced to probation pursuant to section 958.045(5)(c). Thus, upon violation of probation, the appellant could have been sentenced to no more than 364 days in jail under section 958.04(2)(b) and Bloodworth. His sentence of 10 years' incarceration is therefore illegal, and the trial court erred in denying his motion to correct sentence. We accordingly reverse the order denying the appellant's motion and remand for resentencing in accordance with this opinion.
REVERSED AND REMANDED.
WEBSTER, VAN NORTWICK and PADOVANO, JJ., concur.