835 So.2d 1174 (2002)
Andre WINDOM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3359.
District Court of Appeal of Florida, Fifth District.
December 20, 2002.
Andre Windom, Miami, Pro Se.
Richard E. Doran, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Andre Windom appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
In 1989, Windom was sentenced as a youthful offender to a term of imprisonment followed by probation. He violated his probation in 1992 by committing new crimes. His probation was then revoked and he was sentenced to a term of fifteen years in prison. On appeal, Windom argues that his fifteen-year sentence is illegal due to the six-year cap on youthful offender sentences found in section 958.04(2)(a), Florida Statutes (1989), as it existed at the time he committed his offenses. The State contends that Windom's sentence is authorized based on a 1990 amendment to the youthful offender law (before Windom violated his probation, but after he committed the underlying offenses), which allows for a defendant originally sentenced as a youthful offender to be resentenced up to the statutory maximum for the offense involved upon a substantive violation of probation. The resolution of this controversy depends on which version of section 958.14 should applythe version in effect at the time Windom committed his original offenses, or the amended version, which was in effect *1175 that the time Windom violated his probation.
In Reeves v. State, 605 So.2d 562, 563 (Fla. 2d DCA 1992), the court held that the application of the amended statute would constitute an ex post facto violation:
The amended version of section 958.14 operates to subject a youthful offender to the general provisions of section 948.06(1) beyond the normal six-year cap for such an offender when the offender commits a substantive violation of probation or community control. In this case, there is no dispute that defendant's having resisted arrest without violence constituted such a substantive violation. There is also no dispute that section 958.14 as amended was in effect at the time defendant committed the substantive violation in March 1991, a fact upon which the state relies in its argument that the six-year cap may be exceeded.
* * *
Since defendant was being sentenced for a crime he committed in 1988, we conclude that application of a statute amended in 1990 which clearly serves to increase the length of incarceration to which he could be subject would constitute an impermissible ex post facto law under both the Florida and United States Constitution. See, e.g., Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987); Swinson v. State, 588 So.2d 296 (Fla. 5th DCA 1991). Therefore, the sentence may not exceed the foregoing six-year cap.
We adopt the holding in Reeves. We find no merit in the other issues raised by Windom. We remand the matter for resentencing consistent with section 958.14, as it was in effect at the time Windom committed his original offenses.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
PETERSON and GRIFFIN, JJ., concur.