864 So.2d 1225 (2004)
Louis Alexander MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-3600.
District Court of Appeal of Florida, First District.
January 23, 2004.
*1226 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
BROWNING, J.
In this direct appeal, Appellant challenges his sentence of two concurrent terms of 48 months of incarceration on the grounds that it exceeds the maximum penalty of 364 days of incarceration for youthful offenders who were sentenced to probation upon completion of boot camp and thereafter violated that probation. We agree and reverse.
Appellant was originally sentenced as an adult to probation; upon violation, he was sentenced as a youthful offender, with a recommendation that he complete a basic *1227 training program for youthful offenders, known generally as "boot camp" and provided for in section 958.04, Florida Statutes. Appellant successfully completed boot camp and, as a result, was released from jail and placed on probation for two years. He thereafter violated that probation by committing a new law offense, and was given the sentence he now challenges.
Appellant's sentence is illegal because it exceeds the statutory limitations set forth by sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes. See State v. Mancino, 714 So.2d 429 (Fla.1998). Section 958.045(5)(c) states that a youthful offender who successfully completes boot camp, is placed on probation, and subsequently violates that probation may be given any sentence which the court might originally have imposed. Section 958.04(2)(b) states that, in sentencing a youthful offender, a court may impose as a condition of probation a period of incarceration not to exceed 364 days. Taken together, these statutes limit Appellant's sentence to no greater than 364 days of incarceration. See Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000).
The state's argument that these provisions do not apply to Appellant because he was originally sentenced as an adult fails in light of this Court's recent decision in Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002). The state's argument that these provisions do not apply to Appellant because he violated his probation by committing a new law offense also fails because the general statements reflected in sections 958.14 and 948.06, Florida Statutes, to the effect that probation violators may not be sentenced to a longer term than the maximum sentence for the underlying offense are superceded by the more specific provisions set forth in sections 958.045(5)(c) and 958.04(2)(b). See State v. J.M., 824 So.2d 105, 112 (Fla. 2002) (approving of this Court's application of the rule of statutory construction that the specific statute controls over the general statute).
Accordingly, we REVERSE Appellant's sentences and REMAND for resentencing consistent with this opinion.
BOOTH and PADOVANO, JJ., CONCUR.