911 So.2d 856 (2005)
Kimberly CLARIDY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1065.
District Court of Appeal of Florida, First District.
September 22, 2005.
Appellant, pro se.
Charlie Crist, Attorney General; Shasta W. Kruse, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of her post conviction motion, in which she asserted that her sentence is illegal as a matter of law because she had previously participated in a youthful offender boot camp, and because the trial court, upon appellant's violation of probation, subsequently resentenced the appellant to a period of more than 364 days' incarceration.
Although the appellant's first claim is not cognizable in a rule 3.800 motion, we must reverse as to the second claim. A defendant may not be resentenced upon a subsequent violation of probation to a period exceeding 364 days' incarceration following participation in a youthful offender boot camp pursuant to section 958.04(2)(b), Florida Statutes (1997). See Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000). Here, according to appellant's motion and supporting documents, she participated in a youthful offender boot camp program and, as a result, the trial court modified her original sentence to 2 years and 10 months of probation. Then, upon the appellant's subsequent violation of probation, she was resentenced to a period of 10 years in prison followed by 10 years of probation. Thus, the trial court's imposition of a sentence exceeding 364 days' incarceration, upon the appellant's violation of probation, would violate section 958.04(2)(b), Florida Statutes (1997) and appears illegal. See Thomas, 825 So.2d at 1033; Bloodworth, 769 So.2d at 1118.
*857 We, therefore, REVERSE the summary denial and REMAND for the trial court to either attach documentation conclusively refuting the appellant's claim, or to grant the appellant the relief requested.
KAHN, C.J., WOLF and PADOVANO, JJ., concur.