929 So.2d 668 (2006)
Jorge DIAZ, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-6140.
District Court of Appeal of Florida, First District.
May 18, 2006.
*669 Jorge Diaz, pro se, Appellant.
Charlie Crist, Attorney General, and Terry P. Roberts, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the summary denial of his postconviction motion in which he asserts that the trial court erroneously imposed a sentence in excess of 364 days' incarceration upon his violation of probation where the appellant had previously completed youthful offender boot camp.
A defendant may not be resentenced upon a subsequent violation of probation to a period exceeding 364 days' incarceration following participation in a youthful offender boot camp pursuant to section 958.04(2)(b), Florida Statutes (1997). See Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000). Here, according to appellant's motion and supporting documents, he participated in a youthful offender boot camp program and as a result, the trial court modified his original sentence. Thus, the trial court's imposition of a sentence exceeding 364 days' incarceration upon the appellant's violation of probation violates section 958.04(2)(b), Florida Statutes (1997), and appears to be illegal. See Thomas, 825 So.2d at 1033; Bloodworth, 769 So.2d at 1118.
We, therefore, REVERSE the summary denial and REMAND for the trial court to either attach documentation conclusively refuting the appellant's claim, or to resentence the appellant consistent with Thomas and Bloodworth.
REVERSED AND REMANDED.
WOLF, PADOVANO, and POLSTON, JJ., concur.