932 So.2d 465 (2006)
Curtis EASON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-5763.
District Court of Appeal of Florida, First District.
June 6, 2006.
*466 Appellant, pro se.
Charlie Crist, Attorney General, and Tracy Lee Cooper, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court ruled that appellant's motion was successive, as the issues raised therein had already been raised in prior motions and decided adversely to appellant. We affirm in part but reverse that part of the trial court's order denying ground one of appellant's motion and remand to the trial court to either resentence appellant or attach documents establishing that appellant's five-year sentence in case number 97-1458 does not constitute a manifest injustice.
Appellant was sentenced for robbery with a firearm in case number 97-1458 as a youthful offender to four years' imprisonment with two years of probation to follow. After appellant completed youthful offender boot camp his sentence was modified to two years of probation. Subsequently, appellant violated his probation by committing two new law offenses in case numbers 98-5051 and 98-5041. Appellant's probation in case number 97-1458 was revoked, and he was sentenced to five years' imprisonment for the violation of probation.
In ground one of his motion, which was raised and rejected in a previous postconviction proceeding, appellant asserts that his five-year sentence for violating his probation in case number 97-1458 is illegal. He contends that because he completed boot camp, upon his violation of probation the court was required to sentence him to no more than 364 days in prison under sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes (1997). In the previous order, the trial court had ruled that the five-year sentence was not illegal under section 958.14, which the court ruled controlled appellant's sentence, *467 because appellant committed new law violations. Under that section, upon the revocation of probation, the court may sentence a defendant "to the custody of the [DOC] for a substantive violation for a period [no] longer than the maximum sentence for the offense for which he or she was found guilty, with credit for time served while incarcerated."
The trial court erred in its previous denial of ground one. In Mason v. State, 864 So.2d 1225 (Fla. 1st DCA 2004), this Court held that a defendant who violated youthful offender probation imposed after he successfully completed boot camp by committing a new law offense could be sentenced to no more than 364 days. This Court ruled that the specific provisions of sections 958.045(5)(c) and 958.04(2)(b) superceded the general provisions of section 958.14. Id. Under Mason, appellant should have been sentenced to no more than 364 days in case number 97-1458 for violating his probation. Appellant's five-year sentence in case number 97-1458 is illegal. See Mims v. State, 871 So.2d 1003 (Fla. 1st DCA 2004) (holding that a sentence beyond 364 days imposed upon a boot camp graduate for a substantive violation of probation is illegal).
Although defendants are generally precluded from raising identical issues in successive rule 3.800 motions that were previously denied on the merits, an exception to this rule exists when a manifest injustice can be determined from the face of the record. See State v. McBride, 848 So.2d 287, 291-292 (Fla.2003). A manifest injustice occurs when a defendant's sentence exceeds the statutory maximum. See Cillo v. State, 913 So.2d 1233 (Fla. 2d DCA 2005); see also Zolache v. State, 687 So.2d 298 (Fla. 4th DCA 1997) (holding that law of the case may be revisited because it is fundamentally unfair for a defendant to serve an illegal sentence). Appellant's sentence in case number 97-1458 to five years' imprisonment is well beyond the statutory maximum of 364 days and, therefore, appears to constitute a manifest injustice.
However, it also appears that appellant is serving concurrent sentences of fifteen years' and five years' imprisonment in case numbers 98-5051 and 98-5041 respectively. If this is true, no manifest injustice has occurred. Under the Florida Supreme Court's decision in McBride, the application of collateral estoppel to preclude a successive rule 3.800(a) motion does not constitute a manifest injustice where the trial court improperly denied the first rule 3.800 motion but, as a practical matter, the defendant's total prison time would not be reduced if the illegal sentence was corrected because he is serving a more lengthy, concurrent sentence for another crime. Appellant's sentences in case numbers 98-5051 and 98-5041 were not included in the record. Upon remand, the trial court should either grant relief or attach documents showing that appellant's five-year sentence in case number 97-1458 does not constitute a manifest injustice. The denial of the remaining grounds of appellant's motion is affirmed.
AFFIRMED in part, REVERSED in part, and REMANDED.
BARFIELD, VAN NORTWICK, and LEWIS, JJ., concur.