943 So.2d 986 (2006)
Kimberly CLARIDY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2852.
District Court of Appeal of Florida, First District.
December 8, 2006.
Kimberly Claridy, pro se, for Appellant.
Charlie Crist, Attorney General, Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the summary denial of her 3.850 motion for postconviction relief. In her motion, appellant presents six grounds for relief. On appeal, she argues that the trial court should have granted her relief on all six grounds. This Court affirms, without comment, the trial court's denial of appellant's motion as to all grounds except one. We write only to address Ground Six of appellant's motion for postconviction relief.
In Ground Six, appellant alleges that her plea was involuntarily entered because the terms of her plea agreement required her to plead to an illegal sentence. The trial court summarily denied appellant's claim under Ground Six. In doing so, the court stated that the same issue had been raised in a previous 3.800 motion, which the trial court had summarily denied. The trial court went on to note that this Court had reversed the summary denial of the 3.800 motion and remanded "for the trial court to either attach documentation conclusively refuting the appellant's claim, or to grant the appellant the relief requested." Claridy v. State, 911 So.2d 856 (Fla. 1st DCA 2005). Ultimately, the trial court held that because the 3.800 motion was still before the trial court, pursuant to the actions of this Court, this issue was not properly brought in a rule 3.850 motion.
The trial court appears to have determined that it lacked jurisdiction to hear appellant's claim relating to Ground Six, because it was pending in the 3.800 case. Had the 3.800 motion been pending in this Court at the time the 3.850 motion was heard, then the trial court would have been entirely correct in its ruling. See Betts v. State, 829 So.2d 977 (Fla. 1st DCA 2002). However, this Court's opinion regarding the 3.800 motion was issued on September 22, 2005. Accordingly, by January 31, 2006, when the trial court issued its order in the instant case, jurisdiction relating to this issue had reverted back to the trial court. Therefore, the trial court had jurisdiction to address the merits of the 3.800 claim in the context of the current 3.850 challenge.
*988 Because the trial court erred in summarily denying appellant's Ground Six claim for relief, we REVERSE and REMAND to the trial court with directions to address appellant's Ground Six claim on the merits.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WEBSTER, POLSTON, and HAWKES, JJ., concur.