958 So.2d 997 (2007)
Antonio B. ADDERLY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-1151.
District Court of Appeal of Florida, Fifth District.
May 25, 2007.
James Purdy, Public Defender, and Blaise Trettis, Assistant Public Defender, Viera, for Petitioner.
*998 Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Respondent.
LAWSON, J.
Antonio B. Adderly seeks relief from an order denying his motion for resentencing filed pursuant to section 958.045(5)(c), Florida Statutes (2007). Because Adderly has successfully completed the Department of Correction's, ("DOC"), "boot camp" program, section 958.045(5)(c) mandates that Adderly be resentenced to a term of probation. We treat Adderly's filing as a petition for writ of mandamus, grant the writ, and remand with instructions that the trial court resentence Adderly in accordance with section 958.045(5)(c), Florida Statutes.
Adderly was originally charged with second-degree murder with a firearm. He entered a plea agreement with the State, pursuant to which he pled nolo contendere to the reduced charge of manslaughter with a firearm in exchange for a sentence of ten years in prison, followed by two years of supervised probation. Although Adderly was sixteen years old at the time of the plea, he was sentenced as an adult. The sentence was pronounced on January 25, 2001.
On July 11, 2006, the DOC sent a letter to the trial judge stating that Adderly qualified for its "basic training" (or "boot camp") program, authorized by section 958.045, Florida Statutes, and requesting the judge's approval for Adderly to participate in the program. On July 19, 2006, the trial judge responded by approving Adderly for the program. Thereafter, DOC placed Adderly in the program, which Adderly successfully completed on January 9, 2007.
On February 9, 2007, Adderly filed a motion for resentencing, seeking release to probation pursuant to section 958.045(5)(c), Florida Statutes. The statute provides in pertinent part:
Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation.
(Emphasis added).
Because Adderly successfully completed DOC's boot camp program, the trial court has a clear legal duty to comply with the provisions of this statute by modifying Adderly's sentence to a term of probation. See, e.g., Sada v. State, 807 So.2d 146 (Fla. 3d DCA 2002); Smith v. State, 750 So.2d 754 (Fla. 1st DCA 2000).
We note that section 958.045(5)(c), Florida Statutes, was amended effective July 1, 2006, and now provides that a youthful offender who violates the probationary term imposed following successful completion of the boot camp program may be sentenced, upon revocation of the probation, to any sentence that could have originally been imposed on the charge. See Ch. 06-270, § 1, Laws of Fla. Prior to this statutory change, a defendant who violated probation after completing boot camp could only be sentenced to 364 days in jail. See, e.g., Fettler v. State, 885 So.2d 411, 412 (Fla. 1st DCA 2004) ("It is well-established in the courts of Florida that when a youthful offender successfully completes boot camp, he may not be sentenced to more than 364 days of incarceration upon a violation of the subsequent period of probation.").[1]
*999 WRIT GRANTED; REMANDED WITH DIRECTIONS TO MODIFY SENTENCE.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] Similar to Fettler, we have identified the following cases stating and applying the old rule, which has now been superseded by the amendment to section 958.045(5)(c), approved by chapter 06-270, Laws of Florida: Porter v. State, 940 So.2d 579 (Fla. 1st DCA 2006); Eason v. State, 932 So.2d 465 (Fla. 1st DCA 2006); Diaz v. State, 929 So.2d 668 (Fla. 1st DCA 2006); Cutler v. State, 927 So.2d 249 (Fla. 2d DCA 2006); Claridy v. State, 911 So.2d 856 (Fla. 1st DCA 2005); Green v. State, 902 So.2d 898 (Fla. 1st DCA 2005); Holmes v. State, 899 So.2d 432 (Fla. 3d DCA 2005); Lee v. State, 884 So.2d 460 (Fla. 4th DCA 2004); Mims v. State, 871 So.2d 1003 (Fla. 1st DCA 2004); Blaxton v. State, 868 So.2d 620, 621 (Fla. 2d DCA 2004); Mason v. State, 864 So.2d 1225 (Fla. 1st DCA 2004); Lawson v. State, 845 So.2d 986 (Fla. 1st DCA 2003); Williams v. State, 841 So.2d 685 (Fla. 5th DCA 2003); Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Burkett v. State, 816 So.2d 767 (Fla. 1st DCA 2002); Geri v. State, 797 So.2d 605 (Fla. 1st DCA 2001); and Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000).