COHEN, J.
 

 ON MOTION FOR REHEARING
 

 We grant Appellee’s Motion for Rehearing and substitute this opinion for the opinion issued June 26, 2009.
 

 Appellant, Reginald Davis, challenges the trial court’s denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
 

 On June 23, 2004, Appellant pled guilty to three counts of sexual battery on a child under twelve by a person under eighteen years of age in violation of section 794.011(2)(b), Florida Statutes. The trial court sentenced him as a youthful offender under section 958.04, Florida Statutes, to two years of incarceration followed by four years of sex offender probation and also designated him a sexual predator. At sen-teneing, the trial court authorized Appellant’s participation in the basic training (boot camp) program. After Appellant admitted a violation of probation, the trial court revoked it in 2007 and sentenced him to concurrent five-year terms of incarceration with credit for time served.
 

 Appellant subsequently filed the instant rule 3.800(a) motion, asserting that the five-year sentences were illegal because, as a youthful offender who completed boot camp during his initial incarceration, he could be sentenced to no longer than 364 days in jail under the 2004 version of section 958.045(5)(c), which was in effect when he was originally sentenced. In his motion, Appellant specifically alleged that he met the requirements set forth in section 958.045.
 
 [1]
 
 He also asserted that he did not qualify for sexual predator designation. The trial court denied relief on both grounds.
 

 In denying Appellant’s argument that he was illegally sentenced, the trial court ruled that the sentences were legal under section 958.045(5)(c), as amended in 2006. This legal ruling was erroneous because it violates the
 
 ex post facto
 
 clause of the Constitution.
 
 See Morrison v. State,
 
 978 So.2d 284, 285 (Fla. 4th DCA 2008) (applying 2006 amendment of section 958.045(5)(c), Florida Statutes, to youthful offender originally sentenced under earlier version of statute upon revocation of probation following successful completion of boot camp, violated
 
 ex post facto
 
 clause of Constitution);
 
 see also Adderly v. State,
 
 958 So.2d 997 (Fla. 5th DCA 2007);
 
 Fettler v. State,
 
 885 So.2d 411, 412 (Fla. 1st DCA 2004).
 

 On rehearing, the State now asserts that Appellant never completed the
 
 *997
 
 boot camp program and filed an affidavit from a Department of Corrections official in support.
 
 [2]
 
 If Appellant, in fact, successfully completed the boot camp program before the effective date of the amendment, then the sentences imposed were illegal, and he would be entitled to resen-tencing under the pre-amendment version of section 958.045(5)(c). However, if Appellant did not successfully complete the boot camp program, the sentences imposed are legal. Consequently, we must reverse and remand for further proceedings to resolve this dispute. The trial court may either attach record documents refuting Appellant’s claim that he completed boot camp or resentence him consistent with this opinion.
 
 [3]
 

 The trial court did not err in designating Appellant a sexual predator. Because he was not adjudicated delinquent, his criminal conviction triggered designation as a sexual predator.
 
 Cf. State v. J.M.,
 
 824 So.2d 105, 108 n. 4 (Fla.2002).
 

 Accordingly, we affirm Appellant’s designation as a sexual predator, but reverse the denial of his claim that his sentences were illegal because he successfully completed boot camp.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 ORFINGER and LAWSON, JJ., concur.
 

 [1]
 

 . On appeal, Appellant represented to this court that he completed the boot camp program.
 

 [2]
 

 . We note that this should have been raised in Appellee’s response, rather than for the first time in a motion for rehearing.
 

 [3]
 

 . If timely, the trial court may consider this motion as filed under Florida Rule of Criminal Procedure 3.850 and conduct an eviden-tiary hearing to resolve this issue.