PER CURIAM.
 

 Michael Love appeals the summary denial of his pro se motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the record failed to conclusively refute this claim, we reverse and remand for further proceedings.
 

 Love was adjudged a youthful offender and sentenced to two years community control followed by four years on probation and was ordered to attend ninety days at boot camp, stemming from 2004 charges. Love completed boot camp. Love then violated the terms of his probation on two occasions. His probation was revoked and he was sentenced to 90.3 months in the Department of Corrections.
 

 Love asserts that he was not sentenced as required under the Florida Youthful Offender Act. He alleges that the Youthful Offender (YO) statutes limit his period of incarceration to no more than 364 days after completion of YO Boot Camp. Love states that he was sentenced to boot camp for charges committed in 2004 and cites to
 
 Diaz v. State,
 
 929 So.2d 668 (Fla. 1st DCA 2006). In
 
 Diaz,
 
 the first district reversed a trial court’s imposition of a sentence, which exceeded 364 days of incarceration, where the youthful offender attended boot camp pursuant to section 958.04(2)(b), Florida Statutes (1997). Love alleged that since his charges were in 2004 and he successfully completed boot camp — prior to the statutory amendment
 
 [1]
 
 — his sentence is an ex post facto violation.
 

 The State’s response to Love’s motion to correct an illegal sentence argued that the court was
 
 not
 
 restricted to 364 days in jail because the defendant was sentenced to community control followed by probation — there was no special condition of incarceration as part of the probation, per section 958.04(2)(b). The State asserted that since the court was not restricted to a maximum 364 day sentence based on the violation, it had the authority to find the defendant violated probation and sentence him to 90.3 months based on the substantive violation. The State, in its response, cites to the 2006 statutory amendment, which eliminated the prior 364-day limitation on incarceration of a youth offender who successfully completed boot camp. The revised statute would be inapplicable to Love, who correctly asserts that he committed his original offenses in 2004.
 

 
 *706
 
 The State now argues, in this appeal, that Love attended a Broward Sheriffs’ Youth boot camp and not a Department of Corrections (DOC) boot camp. The difference is significant because, as this court explained in
 
 Lee v. State,
 
 884 So.2d 460 (Fla. 4th DCA 2004), a youthful offender who completes county boot camp is not limited in his sentencing exposure pursuant to sections 958.04(2)(b) and 958.045(5)(c), Florida Statutes (2004), unlike a youthful offender who completed DOC boot camp.
 

 The record does not conclusively establish
 
 which
 
 type of boot camp Love attended. Accordingly, the order is reversed and remanded for further consideration. If the court finds that Love was illegally sentenced, the court shall resentence him to a legal sentence. Any subsequent denial shall be supported with attachments of portions of the record refuting the claim.
 
 See Ward v. State,
 
 865 So.2d 669 (Fla. 4th DCA 2004).
 

 POLEN, HAZOURI and GERBER, JJ„ concur.
 

 [1]
 

 . Effective July 1, 2006 the legislature amended section 958.045(5)(c), which no longer limits to 364 days the period of incarceration for a youthful offender who completes boot camp and then violates subsequent probation.
 
 See
 
 Ch. 2006-270, § 1, at 2841-42, Laws of Fla.