CASANUEVA, Judge.
Robert D. Lamore appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 8.800(a), in which he claimed that he was illegally sentenced after violating the probation imposed following completion of the Department of Corrections (DOC) basic training program (boot camp) as a youthful offender. We reverse and remand for further proceedings.
On February 28, 2006, Lamore pleaded no contest to several felonies and misdemeanors in seven different cases. The trial court sentenced him to five years’ probation, a condition of which was a jail term of 864 days. Lamore committed the offenses between December 2004 and July 2005. None of the written judgments and sentences reflect that Lamore was treated as a youthful offender. In 2007, the court found Lamore guilty of a violation of probation and sentenced him to seven years’ imprisonment in case number 05-1358CF, to run concurrent with the five-year prison terms in each of his other cases. Again, the written judgments and sentences do not reflect treatment as a youthful offender.
On September 15, 2008, the DOC recommended that Lamore serve his sentence as a youthful offender in boot camp as provided for by section 958.045, Florida Statutes (2005). The trial court approved Lamore’s placement in this program, and the DOC later notified the trial court that Lamore was expected to successfully complete boot camp on September 8, 2009, after which he would need to be placed on probation. Less than two months after his completion of boot camp, Lamore violated his probationary curfew. On April 13, 2010, the trial court resentenced him to seven years’ imprisonment in case number 05-1358CF, to run concurrent with the five-year terms in each of his other cases.
In his motion, Lamore claimed that at the time of his last violation of probation, he was eligible to be sentenced only to a maximum term of 364 days in jail. In support, he claimed that the version of the youthful offender statute in effect at the time of his original offenses limited the court — upon finding a defendant in violation of post-boot camp probation — to imposing “any sentence that it might have originally imposed as a condition of probation.” § 958.045(5)(c), Fla. Stat. (2005) (emphasis added). He further asserted that pursuant to section 958.04(2)(b), Florida Statutes (2005), this meant that his sentence “may not exceed 364 days.” Recognizing that an amendment to section 958.045(5)(c), effective July 1, 2006, authorized a court to “impose any sentence that it might have originally imposed,” thereby expanding the permissible sentence, La-more argued that the offenses for which he was sentenced were committed prior to the effective date of the amendment, thus the earlier version of the statute must apply. One court has held that “[t]o apply the 2006 amendment to those [prior] offenses would violate the constitutional prohibition against ex post facto laws.” Morrison v. State, 978 So.2d 284, 285 (Fla. 4th DCA 2008).
In response to this court’s order to show cause why the postconviction court’s order should not be reversed, the State argued that the amended version of the statute should apply to Lamore’s case. Although Lamore’s unique sentencing timeline — particularly the lengthy delay between the *548 commission of his crimes and his treatment as a youthful offender — provides at least some basis for an argument that he should be subject to the statutory scheme in effect at the time that he entered boot camp, this court’s recent decision in Miller v. State, 77 So.3d 888 (Fla. 2d DCA 2012), quiets any such debate. In Miller, the defendant was sentenced as a youthful offender in 2007 for offenses that occurred in 2004 and 2005. Id. at 888-89. The defendant claimed to have completed boot camp and was subsequently released only to violate probation with new offenses shortly thereafter. On August 21, 2009, the court sentenced him to ten years’ imprisonment on the violation of probation. The defendant then filed a rule 3.800(a) motion, much the same as Lamore’s, which the postconviction court denied. Id. at 889. Ultimately, this court held that the post-conviction court, in concluding that Miller could be sentenced to ten years, “incorrectly relied upon the version of a statutory provision that was applicable at the time [the defendant] was originally sentenced as a youthful offender, rather than the version of the provision in effect at the time [the defendant] committed his offenses.” Id.
The State addressed Miller in its response and pointed out that, unlike La-more, Miller was designated a youthful offender upon his initial sentencing. The State argued that Lamore’s situation is more analogous to that of Adderly v. State, 958 So.2d 997 (Fla. 5th DCA 2007). In Adderly, the defendant, a minor, was sentenced on January 25, 2001, as an adult. Id. at 998. Only following a July 11, 2006, letter from the DOC recommending the defendant for boot camp was he designated as a youthful offender for the first time. Upon successfully completing boot camp on January 9, 2007, the defendant filed a motion for resentencing seeking release onto probation. Id. After holding that the defendant was entitled to this relief as a result of his successful completion of boot camp, the court made the following ambiguous statement:
We note that section 958.045(5)(c), Florida Statutes, was amended effective July 1, 2006, and now provides that a youthful offender who violates the probationary term imposed following successful completion of the boot camp program may be sentenced, upon revocation of the probation, to any sentence that could have originally been imposed on the charge. Prior to this statutory change, a defendant who violated probation after completing boot camp could only be sentenced to 364 days in jail.
Id. (citation omitted). The State maintains that the Fifth District’s treatment of a similarly situated defendant in Adderly has established that the post-amendment statute is applicable to both Adderly and Lamore. While the State is correct in arguing that the defendants in question share analogous sentencing timelines, the issue of which version of the statute to apply to these defendants is simply not explicitly addressed or answered in Adderly.
Despite the difference between Lamore’s case and Miller as noted by the State, the holding in Miller clearly and unambiguously addresses Lamore’s claim. Miller, 77 So.3d at 889, recognizes the principle that defendants are to be sentenced in accordance with the statutes in effect at the time they committed their offenses. See State v. Battle, 661 So.2d 38, 39 (Fla. 2d DCA 1995) (“It is well established that an amendment to a criminal statute does not affect the prosecution of, or the punishment for, a crime committed before the amendment.”); see also art. X, § 9, Fla. Const. (“Repeal or amendment *549 of a criminal statute shall not affect prosecution or punishment for any crime previously committed.”). Barring a stipulation by Lamore to the contrary,[1] the seven cases for which Lamore successfully completed youthful offender boot camp-all of which arose from offenses occurring between December 2004 and July 2005-are governed by the pre-July 1, 2006, version of section 958.045(5)(c). Specifically, “[u]n-der the youthful offender provisions in effect in 2004 and 2005, a violation of a probationary sentence that was imposed as a consequence of an offender’s satisfactory completion of a DOC-run boot camp could result in a sentence of no longer than 364 days’ incarceration.in specified facilities.” Miller, 77 So.3d at 890.
The record shows that the court approved boot camp in all seven of Lamore’s cases. We reverse the postconviction court’s denial of Lamore’s motion and remand for the court to either attach records clearly indicating that Lamore stipulated to treatment under the post-amendment statute or resentence Lamore in accordance with the pre-amendment statute.
Reversed and remanded.
WHATLEY and KHOUZAM, JJ. Concur.

. If, for instance, Lamore's signed acceptance of the terms of
youthful offender boot camp included discussion of the applicable probationary guidelines or of the governing statutes, the court might construe this as a stipulation. However, the records provided contain no such details.