EVANDER, J.
Negron appeals the summary denial of his “Emergency Writ of Habeas Corpus,” which the trial court appropriately treated as a rule 3.800(a) motion to correct illegal sentence. We reverse because the trial judge incorrectly believed that the date a defendant completed boot camp, not the date that he committed his original offense, was the date to use in determining the applicable law when sentencing on a violation of probation under section 958.045, Florida Statutes.
In April 2008, Negron pled guilty to two felony drug offenses. He was sentenced as a youthful offender to concurrent terms of three years incarceration to be followed by one year of probation. After sentencing, the trial court authorized Negron’s participation in the basic training “boot camp” program.
Negron alleged that he successfully completed a boot camp program and was released on probation on March 20, 2009. Thereafter, Negron was found guilty of violating his probation. The trial court imposed concurrent inearcerative sentences of 58.09 months. Negron argues that, pursuant to section 958.045(5)(c), Florida Statutes (2005), the trial court could only sentence him to a maximum of 364 days in jail. If Negron successfully completed the boot camp program, his argument has merit.
Prior to July 1, 2006, section 958.045(5)(c) provided that where a defendant sentenced as a youthful offender subsequently completed the boot camp program, he could only be sentenced thereafter on a violation of probation charge to a sentence that might have originally been imposed as a condition of probation:
(c) The portion of the sentence served prior to placement in the basic training program may not be counted toward program completion. Upon the offender’s completion of the basic training program, the department shall submit a report to the court that describes the offender’s performance. If the offender’s performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. The term of probation may include placement in a community residential program. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.
(Emphasis added); see Adderly v. State, 958 So.2d 997, 998 (Fla. 5th DCA 2007) (“Prior to this statutory change, a defendant who violated probation after completing boot camp could only be sentenced to 364 days in jail.”).
Effective July 1, 2006, section 958.045(5)(c) was amended to permit a trial court, upon finding that a youthful offender who had successfully completed the boot camp program had thereafter violated probation, to impose any sentence that it might have originally imposed:
(c) The portion of the sentence served prior to placement in the basic training program may not be counted toward program completion. Upon the offender’s completion of the basic training pro *950 gram, the department shall submit a report to the court that describes the offender’s performance. If the offender’s performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. The term of probation may include placement in a community residential program. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed.
(Emphasis added).
It is undisputed that Negron’s original offenses occurred prior to July 1, 2006. The application of the aforesaid statutory amendment to offenses committed prior to the amendment’s effective date would violate the constitutional prohibition against ex post facto laws.[1] See Miller v. State, 77 So.3d 888 (Fla. 2d DCA 2012); Morrison v. State, 978 So.2d 284 (Fla. 4th DCA 2008); Adderly.
Therefore, if Negron successfully completed the boot camp program, the maximum sentence he could receive upon his violation of probation was 364 days in jail.[2] Because the trial court did not make a finding as to whether Negron had successfully completed the boot camp program, we remand for resolution of this issue.
REVERSED AND REMANDED.
SAWAYA and TORPY, JJ., concur.

. Art. I, § 10, Fla. Const. ("No bill of attainder, ex post facto law or law impairing the obligation of contracts shall be passed.”)

. Contrary to the State’s argument, we did not hold otherwise in Davis v. State, 16 So.3d 995 (Fla. 5th DCA 2009). Indeed, in Davis, we cited with approval to Morrison for the proposition that applying the 2006 amendment to a youthful offender sentence upon revocation of probation following successful completion of boot camp would violate the ex post facto clause of the Florida Constitution if the youthful offender had originally been sentenced under the earlier version of the statute. Davis, 16 So.3d at 996.