PER CURIAM.
Terrance Tobler appeals the summary denial of his motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. He claims the composite sentence of eight years he received for violating the probation imposed after successfully completing the Department of Corrections basic training program (boot camp) was illegal. The State properly concedes error. Because Tobler committed the offenses prior to the July 1, 2006 amendment to section 958.045(5)(c), Florida Statutes, as a youthful offender who successfully completed boot camp, the harshest sentence he could receive on a violation of probation in each of his cases[1] was 364 days. See *1091 § 958.04(2)(b), Fla. Stat. (2005);[2] Negron v. State, 90 So.3d 948 (Fla. 5th DCA 2012); Lamore v. State, 86 So.3d 546 (Fla. 2d DCA 2012); Mason v. State, 864 So.2d 1225, 1227 (Fla. 1st DCA 2004); Thomas v. State 825 So.2d 1032, 1033-34 (Fla. 1st DCA 2002); Bloodworth v. State, 769 So.2d 1117, 1118 (Fla. 2d DCA 2000). Accordingly, we reverse and remand for resen-tencing.
REVERSED and REMANDED.
SAWAYA, LAWSON and BERGER, J.J., concur.

. Putnam County Case Numbers: 2006-520-CF, 2006-643-CF, 2006-1321-CF

. Section 958.04(2)(b), Fla. Stat. (2005), provides:
The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing services. No youthful offender may be required to serve a period of incarceration in a community correctional center as defined in s. 944.026. Admission to a department facility or center shall be contingent upon the availability of bed space and shall take into account the purpose and function of such facility or center. Placement in such a facility or center shall not exceed 364 days.
(Emphasis added).