PER CURIAM.
Curtis Davis (Defendant), who claims entitlement to immediate release, appeals an order summarily denying his rule 8.800(a) motion and the order denying his motion for rehearing. We reverse and remand.
Defendant entered a nolo contendere plea in four cases charging offenses committed between March 8, 2005, and March 7, 2006, and was sentenced to prison terms as a youthful offender. According to his motion, after he successfully completed a Department of Corrections boot camp program, the trial court mitigated his sentences to four years of probation as a youthful offender. When he violated his probation with a new felony arrest in 2009, he was sentenced to approximately eight years in prison for each count of the first four cases and to five years for the new charge.
In the instant rule 3.800(a) motion, Defendant argued his sentences imposed on violation of probation (VOP) were illegal pursuant to 958.045(5)(e), Florida Statutes (2004), because, upon VOP after successful completion of the department’s boot camp, the court was limited to sentencing him to no more than 364 days. He asked the trial court to correct the VOP sentences. See, e.g., Davis v. State, 16 So.3d 995 (Fla. 5th DCA 2009); Morrison v. State, 978 So.2d 284 (Fla. 4th DCA 2008); Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002).
The trial court summarily denied the motion based on the state’s response, which stated that the court records showed nothing about Defendant entering or completing a boot camp program or the trial court mitigating his sentence for completion of a boot camp program. The state attached nothing to substantiate its representation, and the trial court attached only the state’s response.
Defendant moved for rehearing, attaching, as Exhibit A, a copy of the trial court’s February 27, 2009 order modifying sentence and placing him on probation, referencing the first four case numbers. The order reflects that after sentencing, Defendant successfully participated in the department’s youthful offender program and met the requirements for modification of sentence and for placement on probation pursuant to section 958.045(5)(c) [which concerns the department’s basic training program — commonly known as “boot camp”]. Accordingly, Defendant was ordered to be released from custody and placed on probation for the remainder of his incarcerative terms.
The trial court denied the motion for rehearing, arguing the actual court files did not show the entry or completion of a boot camp program or the mitigated sentences. It did not address Defendant’s Exhibit A.
*817 Defendant’s claim is a cognizable claim of illegal sentence. E.g., Davis; Morrison; Thomas.
Pursuant to the 2004 version of sections 958.04(2)(b)[1] and 958.045(5)(c),[2] Florida Statutes, if a youthful offender successfully completes boot camp and then violates probation, the trial court may impose a term of incarceration that does not exceed 364 days.
Effective July 1, 2006, section 958.045(5)(c) now provides that a youthful offender who violates probation following successful completion of the boot camp program may be sentenced, on revocation of the probation, to any sentence that could have been imposed originally. See Ch. 06-270, § 1, Laws of Fla. But the amendment cannot affect Defendant’s sentence because all the offenses charged in the counts were committed prior to the effective date of the amendment. Davis, 16 So.3d at 996; Morrison, 978 So.2d at 285.
In its response to this court, the state now concedes that Defendant successfully completed a DOC boot camp program, and the trial court consequently modified his sentence in each of the first four cases to probation on February 27, 2009. It also concedes that the offenses in all four cases were committed within the time period for applying the statutes on which Defendant relies. But it argues Defendant is not entitled to relief because he waived entitlement to be sentenced to not more than 364 days in the event of a VOP, citing Lamore v. State, 86 So.3d 546 (Fla. 2d DCA2012).
In Lamore, the court reversed the summary denial of a rule 3.800(a) motion much the same as Defendant’s; however, it commented that the result could be different had Lamore stipulated otherwise. Id. at 549 & n. 1.
According to the state’s response, Defendant waived his rights to be sentenced under the 2004 version of the statutes by accepting the order modifying sentence and placing him on probation, which contains the following language:
*818 You are hereby placed on notice that the Court may at any time rescind or modify any of the conditions of your probation ... and that if you violate any of the conditions of your probation, you may be arrested and the Court may revoke your probation and impose any sentence which it might have imposed before placing you on probation.
(Emphasis added).
However, the state’s appendix contains additional pages concerning the modification of sentence and placement on probation, one of which is titled “Defendant’s waiver of rights in modification of sentence and placement on probation,” which Defendant executed on February 4, 2009, shortly before the modification was entered. In it, he specifically waived his right to a hearing on the modification of his sentence, the right to be represented by counsel, to subpoena and confront witnesses, and to contest and appeal any order entered by the court modifying his sentence. This document does not waive his right to be sentenced, in the event of a subsequent VOP, pursuant to the applicable (2004) version of sections 958.04(2)(b) & 958.045(5)(c), Florida Statutes, and nothing else attached to the state’s response indicated that Defendant did so.
It appears from the formal waiver document that Defendant may not have been present at the time the trial court modified his sentence and entered the order containing the notice on which the state relies. Under the circumstances, it is unlikely that Defendant actually “waived” his right, on VOP, to be sentenced under the statutes in effect at the time he committed his offenses. We conclude that the trial court’s inserting a “notice” on the order modifying sentence and placing Defendant on probation do not demonstrate that Defendant knowingly waived his rights in this regard.
Accordingly, we reverse the order of denial and remand for further proceedings. If Defendant ultimately obtains the relief he seeks, then it appears his controlling sentence will be the 2009 sentence for sixty months. Taking into account the 162 days time served on the date of sentencing, with gain-time it appears he could be entitled to release as early as some time in August 2018. For that reason, we direct the trial court to undertake proceedings on this matter expeditiously.

Reversed and Remanded for further, and expeditious, proceedings.

TAYLOR, GERBER and CONNER, JJ., concur.

. Section 958.04 concerns the disposition of youthful offenders. The subsection in question provides as follows:
The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services. No youthful offender may be required to serve a period of incarceration in a community correctional center as defined in s. 944.026. Admission to a department facility or center shall be contingent upon the availability of bed space and shall take into account the purpose and function of such facility or center. Placement in such a facility or center shall not exceed 364 days.
§ 958.04(2)(b), Fla. Stat. (2004) (emphasis added).

. Section 958.045 concerns the department's basic training program for youthful offenders, known as "boot camp.” The subsection in question, in the 2004 version, provides as follows:
The portion of the sentence served prior to placement in the basic training program may not be counted toward program completion. Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. The term of probation may include placement in a community residential program. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.
§ 958.045(5)(c) (emphasis added).