DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TAVARIS C. DANIEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1968

[March 23, 2022]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 062003CF007774A88810.

Tavaris C. Daniel, Indiantown, pro se.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Tavaris Daniel appeals the circuit court's denial of his successive motion to correct an illegal sentence. In his Florida Rule of Criminal Procedure 3.800(a) motion, Daniel argued the court erred when it sentenced him for violating probation after his earlier completion of "boot camp" as a youthful offender.

Because Daniel's offenses occurred in 2003, the State acknowledges that his case is governed by the 2003 version of section 958.045, Florida Statutes. The courts interpreted versions of the statute before 2006 as allowing a maximum sentence of 364 days for a defendant who violated probation after completing boot camp. *See, e.g., Lee v. State*, 884 So. 2d 460, 461 (Fla. 4th DCA 2004).[1]

---

[1] The statute "was amended effective July 1, 2006, and now provides that a youthful offender who violates the probationary term imposed following successful completion of the boot camp program may be sentenced, upon revocation of the probation, to any sentence that could have originally been

Even though the State acknowledges the court applied an incorrect version of the statute, the State argues Daniel cannot prevail because he raised the same argument in an earlier Rule 3.800 motion. Generally, a successive Rule 3.800 motion is barred by the doctrine of collateral estoppel. *State v. McBride*, 848 So. 2d 287, 291-92 (Fla. 2003). But there is an exception to collateral estoppel if its application results in a manifest injustice. *Id.*

Thus, to prevail on the successive Rule 3.800 motion, Daniel must first establish that applying collateral estoppel will result in a manifest injustice. *Id.* And "[a] manifest injustice occurs when a defendant's sentence exceeds the statutory maximum." *Eason v. State*, 932 So. 2d 465, 467 (Fla. 1st DCA 2006) (citations omitted).

The State argues there is no manifest injustice here because Daniel is serving a sentence with similar terms in a related case. In *McBride*, our Florida Supreme Court held that applying collateral estoppel did not result in a manifest injustice when the defendant was serving "concurrent sentences of the same length" for other charges. 848 So. 2d at 292. Similarly, in *Johnson v. State*, no manifest injustice precluded applying collateral estoppel because the defendant was "serving an identical, lawful, concurrent sentence for count III." 311 So. 3d 203, 206 (Fla. 1st DCA 2020).

The same was true in *Eason*, 932 So. 2d at 465. In *Eason*, the defendant's probation was revoked after he committed two new law offenses. *Id.* at 466. The defendant was sentenced to five years imprisonment for violating probation, but he argued the sentence was illegal because he completed boot camp. *Id.* The appellate court agreed the sentence was illegal and should have been limited to 364 days. *Id.* at 467. But the defendant was serving concurrent sentences for the two new offenses that led to the violation of probation. *Id.* Discussing the effect of the concurrent sentences on the new law violations, the court explained:

> Under the Florida Supreme Court's decision in *McBride*, the application of collateral estoppel to preclude a successive rule 3.800(a) motion does not constitute a manifest injustice where the trial court improperly denied the first rule 3.800 motion but, as a practical matter, the defendant's total prison time would not be reduced if the illegal sentence was corrected

imposed on the charge." *Adderly v. State*, 958 So. 2d 997, 998 (Fla. 5th DCA 2007) (citing Ch. 06-270, § 1, Laws of Fla.).

> because he is serving a more lengthy, concurrent sentence for another crime.

*Id.* If there was no possibility to reduce the time served because of the concurrent sentences for the other crimes, no manifest injustice occurred. *Id.*

The same is true here. Daniel is serving a similar sentence in the related case. Correcting the illegal sentence will not reduce the total prison time that Daniel will serve. So no manifest injustice precludes the application of collateral estoppel to his successive motion; a motion the circuit court correctly denied.

*Affirmed.*

CONNER, C.J., and ARTAU, J., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

3