769 So.2d 1117 (2000)
Baron Ellis BLOODWORTH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4893.
District Court of Appeal of Florida, Second District.
October 4, 2000.
*1118 James Marion Moorman, Public Defender, and Allyn M. Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney, General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Acting Chief Judge.
Baron Bloodworth appeals the sentence he received upon the revocation of his probation. The State concedes that the sentence is erroneous, but the State and Bloodworth disagree as to the sentence Bloodworth should have received. We conclude that neither party's position is correct and reverse and remand for resentencing.
Bloodworth was originally sentenced as a youthful offender to 6 years' incarceration, 2 years suspended, in lieu of which he was to serve 2 years' probation. His sentence was modified to 4 years' probation pursuant to section 958.045(5)(c), Florida Statutes (1997). That statute mandates that the trial court modify a youth's sentence to probation upon receipt of a report from the Department of Corrections indicating that the youth satisfactorily performed the basic training program. Bloodworth subsequently violated probation, his probation was revoked, and the trial court sentenced him to 19.3 years' incarceration. Bloodworth contends that the trial court was limited to sentencing him to 2 years upon revocation of his probation, and the State contends that the trial court could have sentenced him to the original 6 years. Our reading of the youthful offender statute leads us to conclude that neither of these contentions is correct.
Section 958.045(5)(c) of the youthful offender statute specifically provides that "[i]f the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation." Section 958.04(2)(b) specifies that a court may impose as a condition of probation a period of incarceration not exceeding 364 days "in a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services." Thus, by the plain language of the youthful offender statute, upon violating probation imposed after successful completion of boot camp, a youth may only receive up to 364 days in a specified facility as a penalty.
The three cases cited by the parties that involved youthful offender sentences similar to Bloodworth's are not applicable because they involved the 1991 version of the youthful offender statute. See Dunson v. State, 701 So.2d 1195 (Fla. 2d DCA 1997); Fayson v. State, 678 So.2d 525 (Fla. 5th DCA 1996); Johnson v. State, 574 So.2d 222 (Fla. 5th DCA 1991). That version provided that "[i]f the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed." § 958.04(4)(e), Fla. Stat. (1991). Thus, the courts in the above-cited cases reversed and remanded with directions that the youths be sentenced to the original prison terms with credit for time served. As can be seen, the 1991 version of the statute did not limit a trial court, as the 1997 version of the statute does, to "any sentence that it might have originally imposed as a condition of probation." § 958.045(5)(c), Fla. Stat. (1997) (emphasis supplied).[1] The reason for this change in section 958.045(5)(c) is unknown to us, and our review of the legislative history of the statute provided no insight. We are compelled to follow the plain meaning of the statute.
*1119 Accordingly, we reverse and remand with directions that Bloodworth be sentenced to no more than 364 days in a specified facility with credit for time served.
Reversed and remanded.
SALCINES, J., and DANAHY, PAUL W. (SENIOR) JUDGE, Concur.
NOTES
[1] The 1999 version of the statute is identical to the 1997 version in this respect. § 958.045(5)(c), Fla. Stat. (1999).