816 So.2d 767 (2002)
Colin Earl BURKETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4427.
District Court of Appeal of Florida, First District.
May 9, 2002.
*768 Jeffrey P. Whitton, Panama City, for Appellant.
Robert A. Butterworth, Attorney General, James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order of the trial court summarily denying his rule 3.800(a) motion in which he alleged that his sentence following violation of probation was illegal under sections 958.04(2)(b) and 958.045(5)(c), Florida Statutes (1998), and Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000). We reverse.
The appellant was initially sentenced to 22.35 months' incarceration to be followed by three years' probation, but with a specific provision that if the appellant completed boot camp, the probation term would be reduced to two years. He was classified as a youthful offender and he entered the boot camp program and successfully completed it. Upon release from incarceration, the trial court modified the sentence to reflect the two year period of probation contained in the initial sentencing order. After a violation of probation, the appellant was sentenced to five years' incarceration.
Upon violation of probation imposed after successful completion of boot camp, the trial court is limited to imposing a sentence of no more than 364 days in a specified facility as a penalty. See § 958.04(2)(b), Fla. Stat. (1998); Bloodworth, 769 So.2d at 1118. Given that the appellant received a five-year sentence, his claim that his sentence is illegal appears from the record before us to be well founded. See id; see also Ellis v. State, 783 So.2d 1221 (Fla. 1st DCA 2001).
The order under review is accordingly reversed and this case is remanded for reconsideration of the appellant's motion.
ALLEN, C.J., BROWNING and LEWIS, JJ., concur.