841 So.2d 685 (2003)
David N. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1300.
District Court of Appeal of Florida, Fifth District.
April 11, 2003.
*686 James B. Gibson, Public Defender and Kevin R. Holtz, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
David Williams (defendant) appeals his sentence which was entered by the trial court after he pled guilty to the charge of violating his probation. Concluding that the evidence of record fails to demonstrate that the defendant is entitled to receive any relief, we affirm.
The defendant was charged with violating the terms of his probation. He subsequently entered a no contest plea to the charge. The trial court accepted the plea, revoked the defendant's probation, and sentenced him in accordance with the sentencing guidelines to a term of six years imprisonment.
The defendant challenges his sentence, arguing that the trial court lacked the authority to sentence him to a term of incarceration longer than 364 days because he completed a Department of Corrections "boot camp" for youthful offenders. See Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000)(holding that a youthful offender can only receive a term of up to 364 days incarceration upon a violation of probation if he has previously successfully completed DOC boot camp for that offense). However, the defendant has not sustained his burden of proving this claim.
At the sentencing hearing, both the prosecutor and defense counsel acknowledged the defendant had previously been sentenced as a youthful offender and, as a result, there was a six year incarceration cap available for sentencing. However, no party raised the contention that the defendant had completed a boot camp program, and no argument was made that the defendant's sentence must be limited to 364 days. Post-sentencing, the defendant sought rule 3.800 relief by filing with the trial court a letter from the Department of Corrections indicating that he had completed a boot camp program. See Fla. R.Crim. P. 3.800(b)(2). However, the letter failed to establish that the defendant successfully completed the boot camp program in connection with the convictions at issue here.
While we have determined that the defendant is not entitled to receive any relief on direct appeal we note that, if the defendant is later able to obtain documentation which properly supports his claim of sentencing error, then he may be entitled to obtain post-conviction relief. See Thomas *687 v. State, 825 So.2d 1032 (Fla. 1st DCA 2002).
AFFIRMED.
GRIFFIN, PALMER and TORPY, JJ., concur.