868 So.2d 620 (2004)
Otis BLAXTON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-583.
District Court of Appeal of Florida, Second District.
March 12, 2004.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Otis Blaxton appeals sentences he received after violating his probation in circuit court case numbers 98-5646 and 99-22563. In both cases, Mr. Blaxton was initially sentenced as a youthful offender to concurrent terms of 44.25 months' incarceration with a recommendation for the "basic training" or "boot camp" program. When Mr. Blaxton successfully completed boot camp, his sentences were modified to concurrent terms of 44 months' probation. When Mr. Blaxton violated his probation, the circuit court sentenced him to 44 months of continued probation, with a special condition that Mr. Blaxton serve 364 days' imprisonment. Because this sentence is not permitted under sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes (1997), we reverse.
Section 958.045 outlines the parameters for the youthful offender boot camp program. Subsection (5)(c) provides in part:
Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation. The term of probation may include placement in a community residential program. If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.
Section 958.04(2)(b), Florida Statutes (1997), provides:

*621 The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services.... Placement in such a facility or center shall not exceed 364 days.
Based upon these two provisions, this court concluded in Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000), that a youthful offender who had successfully completed boot camp, had his sentence modified to a term of probation, and then violated probation could not receive a sentence of more than 364 days' incarceration because that is the maximum sentence the court "might have originally imposed as a condition of probation." See also Lawson v. State, 845 So.2d 986 (Fla. 1st DCA 2003); Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Burkett v. State, 816 So.2d 767 (Fla. 1st DCA 2002).
Similarly in this case, when resentencing Mr. Blaxton upon the violation of his probation, the circuit court could not reimpose probationary terms beyond the 364-day period of incarceration. As interpreted in Bloodworth, pursuant to section 958.045(5)(c), the court may "impose any sentence that it might have originally imposed as a condition of probation." 769 So.2d at 1118. A court cannot impose probation as a condition of probation. Therefore the extended period of probation in Mr. Blaxton's sentences must be stricken.
The language of section 958.045(5)(c) may warrant further review by the legislature. We doubt that the legislature actually intended the result this language has created. We are inclined to believe that the legislature intended to permit the court to impose any sentence "that it might have originally imposed." Indeed, a judge may be hesitant to recommend boot camp in an effort to rehabilitate a youth if the judge realizes that the youth's sentence upon a future violation of probation will be limited to such a short term of incarceration. Nevertheless, the legislature has not amended the statutes since our opinion in Bloodworth, 769 So.2d 1117, and we are constrained by the plain language of the statutes. Accordingly, we reverse the sentences imposed in case numbers 98-5646 and 99-22563 and remand with directions to strike the continued probationary terms.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.