884 So.2d 460 (2004)
Raymone LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1873.
District Court of Appeal of Florida, Fourth District.
October 6, 2004.
*461 Carey Haughwout, Public Defender, and Elisabeth Porter, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Raymone Lee successfully completed the Broward County Sheriff's boot camp as a youthful offender. After he was found in violation of community control, he was sentenced to thirty-six months in prison. On appeal, he argues that the trial court erred in sentencing him to more than 364 days in prison because Florida's youthful offender statute limits incarceration for youthful offenders to 364 days upon successful completion of boot camp. For support, he cites to sections 958.04 and 958.045, Florida Statutes (2002), and cases construing those statutory provisions. The state responds that these provisions do not apply to the defendant because he was not committed to the boot camp program operated by the Department of Corrections pursuant to section 958.045.
Section 958.045 governs the department's youthful offender basic training program, commonly referred to as "boot camp." Subsection (5)(c) provides in part:
Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation.... If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.

(Emphasis added).
Section 958.04(2)(b), which governs the disposition of youthful offenders generally, states:
The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services.... Placement in such a facility or center shall not exceed 364 days.
Read together, these two statutes have been consistently construed as limiting to 364 days the period of incarceration which may be imposed for violation of probation following successful completion of boot camp. See Mims v. State, 871 So.2d 1003 (Fla. 1st DCA 2004); Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004); Williams v. State, 841 So.2d 685 (Fla. 5th DCA 2003).
However, as the state points out, the defendants in those cases were placed *462 in boot camp programs operated by the Department of Corrections. Here, the defendant was not placed in the department's boot camp program, but was committed to the county's boot camp facility. Consequently, the trial court's sentencing authority is not limited by section 958.045(5)(c).[1]
Unlike the detailed provisions of the statute pertaining to the department's boot camp programs, the statute concerning county-run programs merely states:
In counties where there are county-operated youthful offender boot camp programs, other than boot camps described in s. 958.04 or s. 985.309, the court may sentence a youthful offender to such a boot camp. In county-operated youthful offender boot camp programs, juvenile offenders shall not be commingled with youthful offenders.
§ 958.046, Fla. Stat. (2003).
There are no provisions in the Youthful Offender Act requiring application of rules governing department boot camp facilities to the county-run programs. Moreover, the statute contains no specific provision comparable to section 958.045(5)(c) limiting sentences for youthful offenders who complete a county boot camp.
We therefore affirm the defendant's sentence.
AFFIRMED.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] We note Chief Judge Altenbernd's observations that it is doubtful that the legislature intended the result urged by the defendant even in cases where the defendant completed the department's program. See Blaxton, 868 So.2d at 621 ("We are inclined to believe that the legislature intended to permit the court to impose any sentence `that it might have originally imposed.' Indeed, a judge may be hesitant to recommend boot camp in an effort to rehabilitate a youth if the judge realizes that the youth's sentence upon a future violation of probation will be limited to such a short term of incarceration.").