899 So.2d 432 (2005)
Tony Curtis HOLMES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2311.
District Court of Appeal of Florida, Third District.
April 6, 2005.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before FLETCHER and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
CORTIÑAS, Judge.
The defendant, Tony Curtis Holmes, appeals from a sentence of 65.1 months of imprisonment, which was imposed as a result of his violating community control *433 and after successful completion of the county-operated boot camp program. We affirm.
In 2002, the defendant pled guilty to four cases (case nos. 01-23796, 01-23799, 01-25922 and 02-2733), for which he was sentenced, as a youthful offender, to concurrent terms of 364 days of incarceration, participation in boot camp, two years of community control, and three years of probation.
The trial court's sentencing orders explicitly state that defendant "is hereby committed to the custody of the Dade County Jail (Youthful Offender)" and "is sentenced as a youthful offender in accordance with F.S. 958.04." The defendant successfully completed the youthful offender program, which is commonly referred to as "boot camp," but subsequently violated a condition of his community control and, as a result, was sentenced to concurrent terms of 65.1 months imprisonment. The defendant's appeal follows.
The defendant contends that the trial court abused its discretion by imposing an excessive sentence following revocation of his community control. He claims that, based on the plain language of the youthful offender statute, Florida law uniformly holds that, upon violating probation imposed after successful completion of boot camp, a defendant may only receive a penalty of up to 364 days in a specified facility. Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000); see also, Lee v. State, 884 So.2d 460 (Fla. 4th DCA 2004); Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004); Thomas v. State, 825 So.2d 1032 (Fla. 1st DCA 2002); Burkett v. State, 816 So.2d 767 (Fla. 1st DCA 2002).
Section 958.04, Florida Statutes (2002), governs the judicial disposition of youthful offender cases. This section allows courts to impose a split sentence, as was done here, "whereby the youthful offender is placed on probation or community control upon completion of any specified period of incarceration." § 958.04(2)(c), Fla. Stat. (2002). Section 958.04(2)(c) further provides, in pertinent part, that "the period of incarceration imposed or served and the period of probation or community control, when added together, shall not exceed 6 years." § 958.04(2)(c), Fla. Stat. (2002).
Section 958.04(2)(b), Florida Statutes (2002) states, in pertinent part:
The court may impose a period of incarceration as a condition of probation or community control, which period of incarceration shall be served in either a county facility, a department probation and restitution center, or a community residential facility which is owned and operated by any public or private entity providing such services.... Placement in such a facility or center shall not exceed 364 days.
§ 958.04(2)(b), Fla. Stat. (2002).
Section 958.045, which details the State's youthful offender basic training program, provides, in pertinent part:
Upon the offender's completion of the basic training program, the department shall submit a report to the court that describes the offender's performance. If the offender's performance has been satisfactory, the court shall issue an order modifying the sentence imposed and placing the offender on probation.... If the offender violates the conditions of probation, the court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation.

Section 958.045(5)(c), Florida Statutes (2002)(emphasis added).
Reading sections 958.04(2)(b) and 958.045(5)(c) together, courts have consistently construed them as limiting to 364 days the period of incarceration which may *434 be imposed for a violation of probation following successful completion of the Department of Corrections' boot camp program.[1]See Mims v. State, 871 So.2d 1003 (Fla. 1st DCA 2004); Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004); Williams v. State, 841 So.2d 685 (Fla. 5th DCA 2003). Appellant urges this court to follow those cases and limit his term of imprisonment to no more than 364 days.
The State maintains that the trial court did not err by sentencing the defendant to a sentence in excess of 364 days because he was originally ordered to attend the county-operated boot camp program, rather than Department of Corrections' boot camp program. The State claims that, under Florida law, the 364-day limitation on re-sentencing upon revocation of probation applies only to defendants who participated in the Department of Corrections' boot camp program and not to defendants, such as Holmes, who participated in county-operated boot camp programs. See Lee v. State, 884 So.2d 460 (Fla. 4th DCA 2004).
In Lee v. State, supra, the Second District affirmed a sentence of thirty-six months imprisonment imposed upon a youthful offender when he violated his community control. The Lee court held that the 364-day limitation on re-sentencing upon revocation of probation applied only to defendants who participated in the Department of Corrections' boot camp program and not to defendants who participated in county-operated boot camp programs. Lee, 884 So.2d at 462. The court reasoned that although section 958.046, Florida Statutes (2002), allows placement of youthful offenders in county-operated boot camp programs, it "contains no specific provision comparable to section 958.045(5)(c)." Id.
This case is factually indistinguishable from Lee, supra. Here, the sentencing orders indicate that the defendant was sentenced to the county-operated youthful offender program and completed that boot camp program as opposed to the state-operated program detailed in section 958.045(5), Florida Statutes (2002). We agree with the holding in Lee, supra, that the county-operated program is not subject to the 364-day limitation on re-sentencing upon revocation of probation.
In agreeing with Lee, supra, we note that had the Legislature intended that the 364-day limitation on re-sentencing upon revocation of probation apply to county-operated programs, the limitation would have been included in section 958.04, Florida Statutes (2002), rather than section 958.045, Florida Statutes (2002), which deals solely with the state-operated program. See Seagrave v. State, 802 So.2d 281, 287 (Fla.2001)("[A] basic principle of statutory construction" prevents courts from "`add[ing] words to statutes that were not placed there by the Legislature.'") (quoting Hayes v. State, 750 So.2d 1, 4 (Fla.1999)). Although the effect of this distinction is to provide different sentencing limitations upon probation violations for defendants sentenced to the state-operated boot camp program compared to those sentenced to county-operated programs, it does not rise to the level of being "unreasonable [or] ridiculous." Lewis v. State, 898 So.2d 1081 (Fla. 4th DCA 2005)(citing Shulmister v. City of Pompano Beach, 798 So.2d 799, 802 (Fla. *435 4th DCA 2001)(quoting City of Miami Beach v. Galbut, 626 So.2d 192, 193 (Fla.1993))).
Accordingly, we affirm.
NOTES
[1] Although the legislature may have intended to allow courts to impose any sentence "that it might have originally imposed," which typically means the statutory maximum, the additional words "as a condition of probation," by its plain language, limits courts to imposing a sentence that was available as a condition of probation, which is up to 364 days of incarceration. Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004).