927 So.2d 249 (2006)
Nathan CUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-4678.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*250 SALCINES, Judge.
Nathan Cutler challenges the postconviction court's order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The State candidly concedes that because Cutler successfully completed a boot camp operated by the Department of Corrections,[1] the trial court erred in sentencing him to a term of imprisonment in excess of 364 days after Cutler violated his youthful offender probation. See Bloodworth v. State, 769 So.2d 1117, 1118 (Fla. 2d DCA 2000). Accordingly, we reverse and remand for resentencing.
On September 17, 2001, the trial court sentenced Cutler in cases 99-17534 and 01-2064 as a youthful offender to concurrent terms of four years' incarceration followed by two years' probation. On July 2, 2002, Cutler finished boot camp and his sentences were modified to five years' youthful offender probation pursuant to section 958.045(5)(c), Florida Statutes (1999, 2001). On May 15, 2004, the trial court found Cutler in violation of probation in both cases. As a result, the trial court sentenced him to seventy-five months' incarceration in one case and to terms of seventy-five months and sixty months' incarceration in the second case. All the sentences were to be served concurrently.
In his rule 3.800(a) motion, Cutler alleged that because he successfully completed boot camp, sections 958.04(2)(b) and 958.045(5)(c) limit his prison exposure to 364 days upon violation of youthful offender probation. See Bloodworth, 769 So.2d at 1118. But see Holmes v. State, 899 So.2d 432 (Fla. 3d DCA 2005) (holding sections 958.04(2)(b) and 958.045(5)(c) do not apply to a defendant who was committed to a boot camp not operated by the Department of Corrections); Lee v. State, 884 So.2d 460 (Fla. 4th DCA 2004) (same). The postconviction court did not agree. Citing section 958.14, it determined that because Cutler's probation was revoked based on a substantive violation, it could sentence Cutler to the maximum sentence authorized for the offenses for which he was on probation. This rationale was rejected in Mims v. State, 871 So.2d 1003, 1004 (Fla. 1st DCA 2004), which held that section 958.045(5)(c) rather than section 958.14 controlled when a youthful offender had violated probation following successful completion of boot camp.
Accordingly, we reverse and remand for Cutler to be resentenced in both cases in accordance with section 958.04(2)(b) and 958.045(5)(c) to a total of 364 days' imprisonment with credit for time served.
Reversed and remanded for resentencing.
WHATLEY and SILBERMAN, JJ., Concur.
NOTES
[1] "Boot camp" refers to the youthful offender basic training program per section 958.045, Florida Statutes.