FULMER, Judge.
Daniel Tapia challenges the sentences he received in two cases after the trial court revoked his probation. We affirm the revocation but reverse the sentences and remand for resentencing.
Tapia argues that his sentences of 43.9 months’ imprisonment imposed in cases 02-14791 and 03-719 were illegal and must be corrected to no more than 364 days because Tapia had successfully completed *1147 youthful offender boot camp in those cases. The State concedes error, and cites Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000), and Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004), as controlling authority.
We agree that resentencing is required. Because Tapia was placed on probation after successful completion of the youthful offender boot camp in 2004, upon revocation of that probation the trial court was limited to imposing any sentence that it might have originally imposed as a condition of probation. See § 958.045(5)(c), Fla. Stat. (2002); Blaxton.
Reversed and remanded.
LaROSE, J„ and THREADGILL, EDWARD F., Senior Judge, Concur.