981 So.2d 1278 (2008)
Harry SCHWARZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4010.
District Court of Appeal of Florida, Second District.
May 23, 2008.
*1279 Pine Scott Price, Punta Gorda, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anne Sheer Weiner, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
In this direct appeal, Harry Schwarz challenges sentences imposed after the court found him in violation of probation. Because Schwarz failed to preserve the sentencing errors he alleges, see Brannon v. State, 850 So.2d 452 (Fla.2003), we affirm but do so without prejudice to Schwarz's right to file an appropriate postconviction motion.
Affirmed.
NORTHCUTT, C.J., and FULMER, J., Concur.
ALTENBERND, J., Concurs with opinion.
ALTENBERND, Judge, Concurring.
I fully concur in the court's opinion. I write to encourage the court on remand to examine Mr. Schwarz's sentences to determine their legality. Under Florida Rule of Criminal Procedure 3.800(a), the trial court can correct an illegal sentence at any time and is not required to have a motion pending to grant such relief.
Mr. Schwarz has appealed ten separate sentences imposed on June 21, 2005. It appears that six of these sentences relate to offenses that were committed in late 1998 and four of them relate to offenses committed in August 2000. The original sentences for the 1998 offenses were youthful offender sentences. They have been modified at least twice on violation of probation. The current sentences of five years' incarceration followed by five years' probation for the third-degree felonies committed in 1998 are almost certainly illegal. Moreover, under the rules relating to sentences imposed on violation of probation as a youthful offender, it appears likely that all legal sentences for these offenses expired prior to June 21, 2005. If so, the trial court did not have authority impose new sentences for those six offenses. See Bloodworth v. State, 769 So.2d 1117 (Fla. 2d DCA 2000).
The offenses committed in 2000 were all third-degree felonies for which Mr. Schwarz is serving concurrent five-year terms of imprisonment. Although there is some confusion in our record, it is likely that these sentences are legal. Nevertheless, Mr. Schwarz's release date on these offenses may be affected by the sentences for the 1998 offenses.
These issues are not preserved for our review at this time. However, because it is possible that Mr. Schwarz may be entitled to immediate release in the near future, the trial court may wish to review these sentences on remand.