NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LAGARRIAN R. DONALDSON,          )
                                 )
          Appellant,             )
                                 )
v.                               )          Case No.  2D13-2407
                                 )
STATE OF FLORIDA,                )
                                 )
          Appellee.              )
_____  )

Opinion filed

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Thane B. Covert,
Judge.

Lagarrian R. Donaldson, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Appellee.

PER CURIAM.

Lagarrian R. Donaldson appeals the postconviction court order granting in

part and summarily denying in part his motion filed pursuant to Florida Rule of Criminal

Procedure 3.850.  The State properly concedes error.  Therefore, we reverse and

remand for an evidentiary hearing on one of Donaldson's claims.  We affirm the denial

of his remaining claims without comment.

Donaldson pleaded no contest to first-degree burglary, and the court sentenced him as a youthful offender to three years' imprisonment followed by three years' probation. During his incarceration, Donaldson successfully completed the youthful offender training program, also known as "boot camp." Donaldson was resentenced to probation for the remainder of his original prison sentence followed by the original three years' probation.

As a part of a negotiated agreement, Donaldson admitted to violating his probation by committing the new offenses of burglary of a dwelling, a second-degree felony, and grand theft, a third-degree felony. The court revoked Donaldson's probation and resentenced him to fifteen years' imprisonment for first-degree burglary, and, for the new law violations, to fifteen years' imprisonment for burglary and five years' imprisonment for grand theft, all to be served concurrently.

Donaldson then filed this motion for postconviction relief, alleging in part that (1) his fifteen-year sentence for first-degree burglary was illegal because he was originally sentenced as a youthful offender and had successfully completed boot camp; and (2) his plea was involuntary because counsel misadvised him that he faced life in prison for first-degree burglary when he actually only faced up to a year in jail after violating probation. The postconviction court granted relief on Donaldson's first claim after the State conceded error; under the statute applicable to Donaldson, a youthful offender who violated probation could not be sentenced to more than 364 days in jail if he had completed the youthful offender "boot camp" program. See §§ 958.04(2)(b),

- 2 -

.045(5)(c), Fla. Stat. (2005);[1] <u>Cutler v. State</u>, 927 So. 2d 249, 250 (Fla. 2d DCA 2006); <u>Bloodworth v. State</u>, 769 So. 2d 1117, 1118 (Fla. 2d DCA 2000). He was resentenced to one year in jail for first-degree burglary. However, the postconviction court denied Donaldson's involuntary plea claim, reasoning that Donaldson had already received relief in the form of resentencing.

The postconviction court erred in denying this claim. When a defendant enters into a plea agreement for an illegal sentence, the correction of the illegal sentence does not necessarily preclude the defendant from stating a claim that his plea was involuntary. "[W]hen a defendant pleads guilty with the understanding that the sentence he or she receives in exchange is legal, when in fact the sentence is not legal, the defendant should be given the opportunity to withdraw the plea when later challenging the legality of the sentence." <u>Forbert v. State</u>, 437 So. 2d 1079, 1081 (Fla. 1983). As the State concedes, Donaldson alleged a facially sufficient claim that is not conclusively refuted by the record. <u>See</u> <u>Davis v. State</u>, 15 So. 3d 770, 772 (Fla. 2d DCA 2009). Therefore, we reverse the summary denial of this claim and remand for an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.

VILLANTI, WALLACE, and SLEET, JJ., Concur.

---

[1]Section 958.045 has since been amended to remove this limitation on sentencing. <u>See</u> ch. 06-270, § 1, at 2842, Laws of Fla.