NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| OTIS BLAXTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D14-5374 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |
| _____ | ) | |

Opinion filed October 9, 2015.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Tom Barber,
Judge.

Otis Blaxton, pro se.


ALTENBERND, Judge.

Mr. Otis Blaxton appeals the denial of several postconviction motions that the circuit court recognized were an attempt to challenge the four convictions arising out of circuit court case number 04-CF-002760. These convictions were for escape and for related crimes of introduction of contraband into a detention facility, possession of cocaine, and grand theft. Mr. Blaxton has filed many such motions and appeals. We can grant him no relief in this appeal. However, in reviewing the records for this appeal,

we realized that underlying his many attempts to obtain relief, Mr. Blaxton has been attempting to allege an issue that possibly could rise to the level of a manifest injustice. That issue apparently never has been directly addressed at any stage of the proceedings associated with these four convictions, and it does not appear that the circuit court ever fully appreciated the potential merit of his claims. Thus, if Mr. Blaxton elects to file a petition for writ of habeas corpus as to this specific issue, the circuit court should accept the petition and give it due consideration.

In 2004, at age twenty-one, Mr. Blaxton was convicted of escape and sentenced to thirty years' imprisonment. The facts described in the record of his direct appeal indicate that he was a trustee in the Hillsborough County Jail on February 11, 2004, apparently awaiting a resolution of a charge of violation of youthful offender probation. He was mopping in an area of the property section where he briefly had access to the street clothes of another prisoner. He quickly put them on and shaved his face with a razor. Before Mr. Blaxton ever got off the jail's premises, he was discovered, his jail uniform was found along with a small quantity of cocaine, and he confessed to what he had done. The second-degree felony of escape does not distinguish between an attempt and a successful escape. See § 944.40, Fla. Stat. (2003). Thus, Mr. Blaxton was charged with escape and received the thirty-year sentence as the maximum sentence available for a habitual offender.

But Mr. Blaxton was not lawfully in jail on February 11, 2004. Unfortunately, this court did not so hold until about one month after Mr. Blaxton stole the other prisoner's clothes and attempted to escape. See Blaxton v. State, 868 So. 2d 620 (Fla. 2d DCA 2004).

The factual circumstances that cause his stay in the Hillsborough County jail to be unlawful are somewhat complex and probably involve a legislative oversight. See Lamore v. State, 86 So. 3d 546 (Fla. 2d DCA 2012). Suffice it to say that Mr. Blaxton received youthful offender sentences in two other cases in 2000 for armed robberies that he committed prior to July 1, 2006, when he was fourteen and sixteen years old. Those sentences included boot camp. As a result, thereafter he could not be lawfully sentenced to more than 364 days' incarceration on those offenses.[1] See id.; Bloodworth v. State, 769 So. 2d 1117, 1118 (Fla. 2d DCA 2000). But on January 7, 2003, when modifying his sentences in those two cases, the circuit court imposed concurrent sentences of 44 months' probation with a special residency condition of 364 days in county jail. See Blaxton, 868 So. 2d at 620.

By February 11, 2004, Mr. Blaxton had been released from his lawful jail sentences in these cases and was serving the illegal terms of probation. It was an alleged violation of these illegal terms of probation that caused Mr. Blaxton to be in jail on the day he attempted to escape.

When this court ordered the circuit court to strike the term of probation in March 2004, we anticipated this would conclude his sentence. But Mr. Blaxton was

---

[1]After completion of boot camp, upon a violation of probation a "court may revoke probation and impose any sentence that it might have originally imposed as a condition of probation." § 958.045(5)(c), Fla. Stat. (1997). While section 958.04(2)(b) provides that a period of incarceration of up to 364 days may be imposed as a condition of probation, probation cannot be a "condition of probation." Thus upon revocation of probation a sentence of incarceration cannot be followed by a further probationary term. See Lawson v. State, 845 So. 2d 986 (Fla. 1st DCA 2003).

- 3 -

already in jail facing his charges of escape, theft, introduction of contraband, and possession of cocaine.

In Florida, the unlawfulness of one's confinement can be an affirmative defense to escape.  See State v. Williams, 444 So. 2d 13, 15 (Fla. 1984); B.D.K. v. State, 743 So. 2d 1155, 1157-58 (Fla. 2d DCA 1999) (reversing adjudication for escape where the state's evidence established the unlawfulness of the defendant's confinement and thus also established the defendant's affirmative defense to escape); Moncrieffe v. State, 55 So. 3d 736, 740-41 (Fla. 4th DCA 2011) (same).  Even if it were not a defense, it would seem to be a significant factor in determining the proper sentence for this attempted escape, especially if the escape did not involve force or violence, which appears to be the case here.

But our record indicates that Mr. Blaxton's attorney did not raise his unlawful confinement as an affirmative defense to the escape charge or as a mitigator at sentencing.  It is very probable that the trial lawyer defending him on these charges in 2004 never received the opinion that this court sent to his appellate attorney.  It is doubtful that his trial lawyer knew that his client was unlawfully on probation and, thus, unlawfully in jail when he attempted to escape.

The five-year sentences that Mr. Blaxton received in 2004 for the three third-degree felonies should not be affected by these circumstances.  While he was serving those five-year sentences, he committed offenses inside prison that have resulted in additional prison terms.  Nevertheless, the thirty-year sentence for escape is the primary sentence that Mr. Blaxton is serving.  Given all of these circumstances, if Mr. Blaxton files a petition for habeas corpus raising this ground for relief, regardless of

any existing cutoff order, the trial court should accept the petition and review it to determine if a manifest injustice has occurred.

Affirmed.


SILBERMAN and LAROSE, JJ., Concur.