PARIENTE, J.,
concurring.
I concur with the Court’s decision to prevent Blaxton from filing any further pleadings unless those pleadings are filed in good faith through an attorney. Majority op. at 5-6. As the opinion makes clear, the sheer volume of Blaxton’s pro se filings warrants us taking this step. In his latest petition for mandamus, he requested that this Court “compel the State to convene a grand jury to review his incarceration,” a request that does “not satisfy the basic requirements for the issuance of a writ of mandamus.” See majority op. at 4.
I write, however, to highlight a potential legal problem with Blaxton’s thirty-year sentence for escape. In October 2015, the Second District issued an opinion in Blax-ton’s case that raised serious concerns regarding the thirty-year sentence Blaxton is currently serving for his escape conviction.[5] See Blaxton v. State, 179 So.3d 358 (Fla. 2d DCA 2015). In that opinion, the Second District noted that at the time Blaxton attempted his escape from the Hillsborough County jail, he was detained there for violating a probation term that the Second District later found impermissible under sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes (1997). Id. at 359 & n. 1 (citing Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004)). The Second District acknowledged that it could not grant any relief in Blaxton’s appeal but explained the basis for the potential problem with Blaxton’s sentence:
Mr. Blaxton was not lawfully in jail on February 11, 2004. Unfortunately, this court did not so hold until about one month after Mr. Blaxton stole the other prisoner’s clothes and attempted to escape. See Blaxton v. State, 868 So.2d 620 (Fla. 2d DCA 2004).'
The factual circumstances that cause his stay in the Hillsborough County jail to be unlawful are somewhat complex and probably involve a legislative oversight. See Lamore v. State, 86 So.3d 546 (Fla. 2d DCA 2012). Suffice it to say that Mr. Blaxton received youthful offender sentences in two other cases in 2000 for armed robberies that he committed prior to July 1, 2006, when he was fourteen and sixteen years old. Those sentences included boot camp. As a result, thereafter he could not be lawfully sentenced to more than 364 days’ incarceration on those offenses. See id.; Bloodworth v. State, 769 So.2d 1117, 1118 (Fla. 2d DCA 2000). But on January 7, 2003, when modifying his sentences in those two cases, the circuit court imposed concurrent sentences of 44 months’ probation with a special residency condition of 364 days in county jail. See Blaxton, 868 So.2d at 620.
*220 By February 11, 2004, Mr. Blaxton had been released from his lawful jail sentences in these cases and was serving the illegal terms of probation. It was an alleged violation of these illegal terms of probation that caused Mr. Blaxton to be in jail on the day he attempted to escape.
Id. (footnote omitted).
The Second District also acknowledged that Blaxton did not argue unlawful confinement as an affirmative defense during his trial for the escape conviction. Id. at 360. (“It is doubtful that his trial lawyer knew that his client was unlawfully on probation and, thus, unlawfully in jail when he attempted to escape.”).
The Second District then stated that “[gjiven all of these circumstances, if Mr. Blaxton files a petition for habeas corpus raising this ground for relief, regardless of any existing cutoff order, the trial court should accept the petition and review it to determine if a manifest injustice has occurred.” Id. If the Second District is correct that Blaxton may have a cognizable claim of manifest injustice, such a claim should be addressed in the trial court through the assistance of an attorney.
LABARGA, C.J., and PERRY, J., concur.

. Blaxton filed the latest petition for mandamus in this Court at the time that he had an appeal pending in the Second District. Blax-ton never brought to this Court's attention that he had a pending appeal, nor advised this Court of the October 2015 Second District opinion before we issued our opinion sanctioning him for his repeated filings in this Court.