# Supreme Court of Florida

_____

No. SC15-1307
_____

**OTIS D. BLAXTON,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[January 21, 2016]
**<u>REVISED OPINION</u>**

PER CURIAM.

Otis D. Blaxton, an inmate in state custody, filed a pro se petition for writ of mandamus with this Court.[1]  His petition in this case is the twenty-first extraordinary writ petition or notice he has filed with this Court since 2008.  We denied Blaxton's petition in this case and expressly retained jurisdiction to pursue possible sanctions against him based upon the volume of his meritless and inappropriate filings.  <u>Blaxton v. State</u>, No. SC15-1307 (Fla. Order Filed Sept. 10, 2015) (order denying mandamus relief and directing Blaxton to show cause why

_____

1.  We have jurisdiction.  <u>See</u> art. V, § 3(b)(8), Fla. Const.

pro se filing restrictions should not be imposed); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

The Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, initially sentenced Blaxton as a youthful offender to concurrent terms of 44.25 months' incarceration for robbery convictions in case numbers 98-CF-5646 and 99-CF-22563 with a recommendation that he complete a "boot camp" program. Upon completion of a boot camp program, Blaxton's sentences were modified to concurrent terms of forty-four months' probation. Subsequently, Blaxton violated his probation, and the circuit court sentenced him to serve 364 days of jail time followed by forty-four months of continued probation. Upon review, the Second District Court of Appeal struck the extended period of probation. See Blaxton v. State, 868 So. 2d 620 (Fla. 2d DCA 2004).

In 2004, Blaxton was convicted of escape in case number 04-CF-2760 in the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida, and sentenced to an additional thirty years of imprisonment. On November 16, 2005, the Second District Court of Appeal per curiam affirmed Blaxton's conviction and sentence for escape. See Blaxton v. State, Case No. 2D04-5536 (Fla. 2d DCA Nov. 16, 2005). During his thirty-year prison term, Blaxton was twice convicted of battery against a law enforcement officer in case numbers 06-CF-5189 and 11-

CF-572A, which added forty-eight months and fifty months, respectively, to his thirty-year sentence.

Blaxton began filing with this Court in 2008. Since that time, he has filed twenty additional extraordinary writ petitions or notices.[2] All of his filings have pertained to his convictions and sentences in circuit court case numbers 99-CF-22563, 04-CF-2760, 06-CF-5189, and 11-CF-572A, and have been frivolous,

_____

2. See Blaxton v. Fla. Dep't of Corrs., 171 So. 3d 113 (Fla. 2015) (table) (notice dismissed for lack of jurisdiction); Blaxton v. Jones, 171 So. 3d 113 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Blaxton v. State, Case No. SC13-1577 (Fla. Sept. 26, 2013) (prohibition petition voluntarily dismissed); Blaxton v. Crews, 121 So. 3d 1037 (Fla. 2013) (table) (habeas petition dismissed as unauthorized); Blaxton v. State, Case No. SC12-2143 (Fla. Oct. 19, 2012) (notice transferred to district court); Blaxton v. State, 77 So. 3d 1253 (Fla. 2011) (table) (notice dismissed for lack of jurisdiction); Blaxton v. Tucker, Case No. SC11-1729 (Fla. Sept. 21, 2011) (mandamus petition transferred to circuit court); Blaxton v. McNeil, 59 So. 3d 107 (Fla. 2011) (table) (habeas petition dismissed as facially insufficient); Blaxton v. State, 42 So. 3d 233 (Fla. 2010) (table) (mandamus petition dismissed as moot); Blaxton v. McNeil, 38 So. 3d 133 (Fla. 2010) (table) (habeas petition dismissed without prejudice to refile in appropriate circuit court); Blaxton v. State, 36 So. 3d 83 (Fla. 2010) (table) (notice dismissed for lack of jurisdiction); Blaxton v. McNeil, 29 So. 3d 1118 (Fla. 2009) (table) (mandamus petition denied); Blaxton v. Northcutt, 9 So. 3d 614 (Fla. 2009) (table) (quo warranto petition dismissed as facially insufficient); Blaxton v. State, 4 So. 3d 676 (Fla. 2009) (table) (notice dismissed for lack of jurisdiction); Blaxton v. McNeil, 4 So. 3d 676 (Fla. 2009) (table) (habeas petition dismissed as unauthorized); Blaxton v. State, 3 So. 3d 1246 (Fla. 2008) (table) (notice dismissed as unauthorized); Blaxton v. State, 994 So. 2d 304 (Fla. 2008) (table) (notice dismissed for lack of jurisdiction); Blaxton v. McNeil, Case No. SC08-897 (Fla. Sept. 16, 2008) (mandamus transferred to circuit court); Blaxton v. State, 984 So. 2d 518 (Fla. 2008) (table) (habeas petition dismissed as facially insufficient); Blaxton v. State, 982 So. 2d 684 (Fla. 2008) (table) (notice dismissed for lack of jurisdiction).

devoid of merit, or inappropriate for consideration by this Court. We have never granted Blaxton the relief sought by him in any of his filings.

Blaxton's mandamus petition in this case simply continues his pattern of filing frivolous and meritless pro se requests for relief. In it, Blaxton sought to compel the State to convene a grand jury to review his incarceration. The petition did not satisfy the basic requirements for the issuance of a writ of mandamus. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000) ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available."). We denied the petition and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Blaxton to show cause why he should not be barred from filing any future pro se requests for relief and referred to the Florida Department of Corrections (DOC) for possible disciplinary action pursuant to section 944.279, Florida Statutes.

Blaxton filed a response to the order to show cause and a motion seeking rehearing on our September 10, 2015, order. In his response, Blaxton claims that section 944.279, Florida Statutes, does not apply to criminal or collateral criminal proceedings and that he should not be referred to the DOC for possible disciplinary action. While section 944.279, Florida Statutes, does not apply to criminal

- 4 -

proceedings, it does apply to "frivolous or malicious collateral criminal proceeding[s]." § 944.279(1), (2), Fla. Stat. (2015). Therefore, the Court may refer this opinion to the DOC, which has the authority to impose disciplinary actions against Blaxton for his frivolous filings seeking to collaterally attack his convictions and sentences. See Isom v. State, 43 So. 3d 776 (Fla. 5th DCA 2010).

In his motion for rehearing, Blaxton improperly presents the same challenges to his convictions and sentences that he initially presented in his mandamus petition in this case. See Fla. R. App. P. 9.330. Moreover, neither Blaxton's response to the show cause order nor his motion for rehearing contain a justification for his use or any expressions of remorse for his repeated misuse of this Court's limited judicial resources. Based on his substantial filing history, it is likely that, if left unrestrained, Blaxton will continue to inundate this Court with frivolous or meritless requests for relief. We therefore deny Blaxton's motion and conclude that he has failed to show cause why sanctions should not be imposed against him for his repeated misuse of this Court's limited judicial resources. We further conclude that the petition filed by Otis D. Blaxton in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2015).

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Otis D. Blaxton that pertain to

case numbers 99-CF-22563, 04-CF-2760, 06-CF-5189, and 11-CF-572A, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Blaxton may only petition the Court about his convictions or sentences in case numbers 99-CF-22563, 04-CF-2760, 06-CF-5189, and 11-CF-572A through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.[3] Further, because we have found Blaxton's petitions to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a certified copy of this opinion to the DOC institution or facility where Blaxton is incarcerated.[4]

It is so ordered.

LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
PARIENTE, J., concurs with an opinion, in which LABARGA, C.J., and PERRY, J., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., Clark v. Crews, 159 So. 3d 122 (Fla. 2014); McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).

4. See, e.g., Clark, 159 So. 3d at 123; McCutcheon, 117 So. 3d at 771; James, 75 So. 3d at 232; Johnson, 59 So. 3d at 1080; Steele, 14 So. 3d at 221.

PARIENTE, J., concurring.

I concur with the Court's decision to prevent Blaxton from filing any further pleadings unless those pleadings are filed in good faith through an attorney. Majority op. at 5-6. As the opinion makes clear, the sheer volume of Blaxton's pro se filings warrants us taking this step. In his latest petition for mandamus, he requested that this Court "compel the State to convene a grand jury to review his incarceration," a request that does "not satisfy the basic requirements for the issuance of a writ of mandamus." See majority op. at 4.

I write, however, to highlight a potential legal problem with Blaxton's thirty-year sentence for escape. In October 2015, the Second District issued an opinion in Blaxton's case that raised serious concerns regarding the thirty-year sentence Blaxton is currently serving for his escape conviction.[5] See Blaxton v. State, 179 So. 3d 358 (Fla. 2d DCA 2015). In that opinion, the Second District noted that at the time Blaxton attempted his escape from the Hillsborough County jail, he was detained there for violating a probation term that the Second District later found impermissible under sections 958.045(5)(c) and 958.04(2)(b), Florida Statutes

_____

5. Blaxton filed the latest petition for mandamus in this Court at the time that he had an appeal pending in the Second District. Blaxton never brought to this Court's attention that he had a pending appeal, nor advised this Court of the October 2015 Second District opinion before we issued our opinion sanctioning him for his repeated filings in this Court.

- 7 -

(1997).  Id. at 359 & n.1 (citing Blaxton v. State, 868 So. 2d 620 (Fla. 2d DCA

2004)).  The Second District acknowledged that it could not grant any relief in

Blaxton's appeal but explained the basis for the potential problem with Blaxton's

sentence:

> Mr. Blaxton was not lawfully in jail on February 11, 2004. Unfortunately, this court did not so hold until about one month after Mr. Blaxton stole the other prisoner's clothes and attempted to escape.  See Blaxton v. State, 868 So. 2d 620 (Fla. 2d DCA 2004).
>
> The factual circumstances that cause his stay in the Hillsborough County jail to be unlawful are somewhat complex and probably involve a legislative oversight.  See Lamore v. State, 86 So. 3d 546 (Fla. 2d DCA 2012).  Suffice it to say that Mr. Blaxton received youthful offender sentences in two other cases in 2000 for armed robberies that he committed prior to July 1, 2006, when he was fourteen and sixteen years old.  Those sentences included boot camp. As a result, thereafter he could not be lawfully sentenced to more than 364 days' incarceration on those offenses.  See id.; Bloodworth v. State, 769 So. 2d 1117, 1118 (Fla. 2d DCA 2000).  But on January 7, 2003, when modifying his sentences in those two cases, the circuit court imposed concurrent sentences of 44 months' probation with a special residency condition of 364 days in county jail.  See Blaxton, 868 So. 2d at 620.
>
> By February 11, 2004, Mr. Blaxton had been released from his lawful jail sentences in these cases and was serving the illegal terms of probation.  It was an alleged violation of these illegal terms of probation that caused Mr. Blaxton to be in jail on the day he attempted to escape.

Id. (footnote omitted).

The Second District also acknowledged that Blaxton did not argue unlawful

confinement as an affirmative defense during his trial for the escape conviction.

Id. at 360. ("It is doubtful that his trial lawyer knew that his client was unlawfully on probation and, thus, unlawfully in jail when he attempted to escape.").

The Second District then stated that "[g]iven all of these circumstances, if Mr. Blaxton files a petition for habeas corpus raising this ground for relief, regardless of any existing cutoff order, the trial court should accept the petition and review it to determine if a manifest injustice has occurred." Id. If the Second District is correct that Blaxton may have a cognizable claim of manifest injustice, such a claim should be addressed in the trial court through the assistance of an attorney.

LABARGA, C.J., and PERRY, J., concur.

Original Proceeding – Mandamus

Otis D. Blaxton, pro se, Okeechobee, Florida,

    for Petitioner

No appearance for Respondent